**Jay VAN RUSSELL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 91–2501.**

United States Court of Appeals, Seventh Circuit.

Argued June 16, 1992.

Decided Sept. 24, 1992.

Jonathan L. Loew, argued, Spitzer, Addis, Susman & Krull, Chicago, Ill., for petitioner-appellant.

Brenda Atkinson, Asst. U.S. Atty., argued, Criminal Div., Barry R. Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for respondent-appellee.

Before BAUER, Chief Judge, COFFEY and CUDAHY, Circuit Judges.

COFFEY, Circuit Judge.

Petitioner Jay Van Russell appeals from the district court's denial of his second motion to vacate, set aside or correct sentence. 28 U.S.C. § 2255. We affirm.

## BACKGROUND

In March 1982, Van Russell was charged with conspiracy to possess heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 1) and with distributing heroin in violation of 21 U.S.C. § 841(a)(1) (Count 2) and pleaded not guilty. On May 20, 1982 he withdrew his not guilty plea to Count 1 and entered a plea of guilty.

At the June 29, 1982 sentencing hearing on Count 1, Judge Getzendanner indicated that she intended to impose a sentence of 4 years plus a lengthy parole term as opposed to a 20 year prison sentence. Van Russell's counsel reminded the judge that the conspiracy charge did not allow for a lengthy special parole term. After determining that Count 2 would allow for a special parole term, the court adjourned so that Van Russell could discuss his options with counsel. On July 1, 1982 he entered a plea of guilty to Count 2. He was sentenced to three years incarceration on each count, to run concurrently, and to a 15 year

special parole term on Count 2. He did not appeal either of his guilty pleas or his sentence.

After Van Russell sent Judge Getzendanner a letter questioning the validity of his guilty plea in Count 2 and a follow-up letter pursuant to a court order, the district court converted the second letter to a § 2255 motion and appointed a Federal Defender. The Federal Defender filed a memorandum in support of the motion alleging that the plea was involuntary because Judge Getzendanner participated in the plea discussions in violation of Fed.R.Crim.P. 11. The district court denied this motion on grounds that Van Russell did not raise the issue on direct appeal and could not establish actual prejudice resulting from the alleged error.

Van Russell filed his second motion on June 9, 1989 alleging that he did not knowingly and intelligently enter a plea of guilty to Count 2 because he suffered from mental illness, epilepsy and because he was under the influence of drugs. The court once again appointed counsel. In his *pro se* response to the government, Van Russell added a claim of ineffective assistance of trial counsel. The case was referred to a magistrate for his report and recommendation. The magistrate recommended that the district court deny the motion on grounds that 1) this was his second § 2255 motion and the ends of justice did not warrant consideration and 2) by failing to raise the claims on direct appeal and failing to show cause and prejudice for this default, he was barred from raising them in a § 2255 proceeding. The district court adopted the magistrate's report and recommendation in its entirety and denied Van Russell's motion.

## ANALYSIS

### I. Successive Motions

■ A second or successive § 2255 motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits. Rule 9 of the Rules Governing § 2255 Proceedings. When a second motion raises old arguments, the petitioner has the burden of showing that the "ends of justice" require the court to reconsider the issues. *Sanders v. United States*, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963).

In his first motion, Van Russell alleged that his plea in Count 2 was not voluntary because he was on drugs and confused due to a head injury. Even though represented by appointed counsel, he failed to submit any evidence in support of that claim. The district court determined that a hearing was not necessary and denied Van Russell's first motion on grounds that his plea to Count 2 was voluntary. Van Russell concedes that the issue of his competency was adjudicated in his first § 2255 motion.

■ In his second motion, Van Russell alleges that at the time of the plea hearing to Count 2, he was suffering from schizophrenia and epileptic seizures which rendered him incompetent to enter a guilty plea. However, there is not a shred of evidence on the record to support this claim. On appeal he contends that medical records exist which demonstrate "empirically" that he was incapable of a voluntary guilty plea. He contends that the ends of justice warrant consideration of his new allegation of incompetency. He alleges that the district court erred in failing to hold an evidentiary hearing to consider his medical records.

There are two glaring deficiencies in this argument. First, and most importantly, there is no evidence to be reviewed. At no time has Van Russell produced any medical records or attempted to subpoena such records. Van Russell attributes this to his status as a poorly educated *pro se* litigant, when, in fact, he has been represented by appointed counsel in both of his § 2255 proceedings. Van Russell actually wrote his Federal Defender with a list of hospitals where his records could allegedly be found. Van Russell's bald allegations unsupported by any evidence do not provide a basis for an evidentiary hearing. *See Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990)

(unsupported allegations do not warrant a hearing).

Second, where a factual matter is at issue an evidentiary hearing may be warranted on a successive § 2255 motion alleging the same ground only if the evidentiary hearing on the first motion lacked fairness and was incomplete. *Sanders v. United States,* 373 U.S. 1, 16–17, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148. Although the district court did not hold an evidentiary hearing, none was necessary. *Humphrey,* 896 F.2d at 1070. Van Russell presented no evidence to support his claim of incompetence nor did he suggest that any existed. The trier of fact was the sentencing judge, and after carefully reviewing the transcripts, she determined that Van Russell's plea was voluntary.

Van Russell cites *Townsend v. Twomey,* 452 F.2d 350, 354 (7th Cir.1971), *cert. denied,* 409 U.S. 854, 93 S.Ct. 190, 34 L.Ed.2d 98 (1972) to support his contention that the ends of justice warrant consideration of his motion. *Townsend* does not support his position. In *Townsend,* the court noted that a petitioner bears the burden of showing that relevant facts were not fully developed in his first motion. Van Russell does not argue that the court failed to fully develop the facts; instead he argues that because *he* failed to assemble his medical records and present them on the first petition, the facts were not fully developed. A petitioner's own failure to adequately present his case cannot deprive him of a full and fair hearing.

Van Russell also cites *Kyle v. United States,* 297 F.2d 507 (2d Cir.1961), *cert. denied,* 377 U.S. 909, 84 S.Ct. 1170, 12 L.Ed.2d 179 (1964) for the proposition that where new evidence surfaces an evidentiary hearing is required to satisfy the ends of justice. In *Kyle,* the evidence discovered

after the first § 2255 motion was denied had been suppressed by the government, a circumstance which the court held altered the situation enough to warrant an evidentiary hearing. But there has been no subterfuge here; Van Russell has access to the alleged evidence.

Van Russell cannot demonstrate that the ends of justice require that his second motion be considered. His allusions to old medical records are inadequate.[1] Since he was assisted by counsel in both of his § 2255 motions, there is no excuse for his not producing them in his earlier motion. This is precisely the type of carelessness and abuse of process that Rule 9 is designed to curb and that we will not tolerate.

## II. Procedural Default

In addition, Van Russell has procedurally defaulted on his claim and has not demonstrated cause or prejudice for the default. It is well-established that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Frank v. United States,* 914 F.2d 828, 834, n. 12 (7th Cir. 1990) (defendants who plead guilty then allege constitutional issues for the first time in § 2255 proceeding must establish cause and prejudice for failing to raise on direct appeal). Van Russell contends that ineffective assistance of trial counsel constitutes cause for the procedural default.[2] He contends that he asked trial counsel to file a notice of appeal and trial counsel failed to heed his request.

---

1. At oral argument, Van Russell's counsel claimed that he now has possession of some hospital records. Even if this were true, and Van Russell could produce these records, it is too late in the game. An appellant may not build a new record to support his position that was never admitted in the district court. *United States v. Phillips,* 914 F.2d 835 (7th Cir.1990).

2. Van Russell did not raise ineffective assistance of counsel on direct appeal. However, a defendant may bring an ineffective assistance of trial counsel for the first time in a post-conviction proceeding if the claim is based on extrinsic evidence. *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991). Van Russell alleges that counsel ignored his request to appeal, which, if true, is a matter outside the record.

■ Although ineffective assistance of counsel, if proved, may provide cause for a procedural default, based upon the record we are convinced that Van Russell's claim of ineffectiveness fails. The court indulges in a strong presumption that counsel's performance fell within a broad range of professional conduct. *Bradley v. Lane*, 834 F.2d 645, 648 (7th Cir.1987), *cert. denied*, 486 U.S. 1012, 108 S.Ct. 1746, 100 L.Ed.2d 209 (1988). Van Russell's claim that his counsel failed to file a notice of appeal at his request, if true, does not demonstrate that his representation fell below an objective standard of reasonableness. The purpose of Rule 11 questioning is to insure that a defendant enters a plea knowingly and voluntarily. *Key v. United States*, 806 F.2d 133, 136 (7th Cir.1986). The representations of the defendant constitute a "formidable barrier" to collateral relief and carry a strong presumption of truth. *Id.* at 136, *quoting Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir.1986).

The transcripts of the July 1, 1987 Rule 11 colloquy demonstrate that the district court carefully questioned Van Russell to determine that his plea was voluntary. She specifically asked him under oath if he was under the influence of drugs and whether a prior head injury affected his ability to understand, and he answered no. This balanced against the lack of any evidence in the record to support his claim of incompetence establishes that any failure on the part of counsel to file a notice of appeal was not objectively unreasonable.

■ For the same reason, Van Russell cannot satisfy the second prong of *Strickland*. To demonstrate actual prejudice, a petitioner must present evidence that there is a reasonable probability that but for the counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 690–92, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984). His responses under oath are presumptively true, and he has not provided evidence to overcome that presumption. The record demonstrates that Van Russell fully understood his change of plea and knowingly and voluntarily entered a guilty plea.

Van Russell argues that he suffered actual prejudice because there was not a sufficient factual basis to accept his guilty plea. This argument does not follow logically from or have any relation to his claim that counsel failed to file an appeal. In addition, the gist of his appeal is that he was not competent to plead guilty. Competency to plead and insufficient factual basis for a plea are two separate and unrelated issues. If Van Russell were incompetent, the presence or absence of a factual basis for his plea would be irrelevant because the plea would be invalid regardless. Therefore, the alleged lack of a factual basis does not constitute actual prejudice resulting from his attorney's alleged failure to appeal the competency issue.

Moreover, the record demonstrates that there was a factual basis for his plea. The transcripts from both the June 29 and July 1, 1982 plea hearings demonstrate that there was a factual basis for the plea and that Van Russell played an integral role in both the conspiracy and distribution of heroin. Although the government conceded that there was not a delivery by Van Russell, there was a delivery by a co-defendant in the conspiracy thus providing a factual basis for a plea of aiding and abetting in distribution.

## CONCLUSION

The decision of the district court to deny Van Russell's second motion to vacate, set aside or correct sentence is

AFFIRMED.