16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Douglas R. ORVILLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2480.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 7, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judge.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Douglas R. Orville pleaded guilty to one count of conspiracy to open and maintain a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. Secs. 846 and 856, and to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He was sentenced to concurrent terms of seventeen and one-half years and ten years imprisonment, followed by three years of supervised release. Orville did not appeal his conviction. Instead, he filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Having determined that Orville had not shown cause and prejudice for the procedural default and, in the alternative, that Orville's claims were without merit, the district court denied the motion. We affirm.
 
 
 2
 At Orville's guilty plea hearing, the government made a proffer of evidence in support of the plea. The government stated that it was prepared to present the testimony of Russell Dibble. Dibble would have testified that in 1990, while in state prison, Orville told him that he possessed a recipe for methamphetamine, and sought Dibble's help in setting up a laboratory for manufacturing the drug. After his release from state custody, Orville contacted Dibble and sent him a copy of the recipe, again seeking his help in the venture. Dibble then contacted the Federal Bureau of Investigation, and became a government informant in the spring of 1991. At that time, the government began tape-recording telephone conversations between Orville and Dibble. In these conversations, Orville named other persons, including his brother, Scotty Orville, and John Manary, whose help he had sought in obtaining chemicals with which to manufacture the methamphetamine and supplies to set up the laboratory. In addition, the government stated that it was prepared to present the testimony of William Tokarczyk and Rhonda Rhodes. Tokarczyk would have testified that Orville had spoken to him about obtaining chemicals for the laboratory. Rhodes would have testified that Orville had asked her to send the copy of the methamphetamine recipe to Dibble, and that Orville had enlisted his brother's assistance in obtaining acetone, a chemical to be used in manufacturing the drug.
 
 
 3
 At the hearing, the district court conducted a very careful and thorough Rule 11 colloquy, determining that Orville was competent to enter a plea, and that he was pleading guilty voluntarily, with a full understanding of the charges against him and the rights he would be waiving. The district court advised Orville that he faced a maximum penalty of twenty years imprisonment on the conspiracy charge and ten years imprisonment on the firearm possession charge. (Plea Hr'g Tr. at 10-11.) The court heard the government's proffer of evidence, and closely questioned Orville to determine that his plea was factually based. (Plea Hr'g Tr. at 17-24.) Although Orville disputed that he had ever spoken to Tokarczyk, and was equivocal about his brother's role in the conspiracy, he expressly admitted that he conspired with Dibble and other individuals, including Rhodes, to set up the methamphetamine laboratory. (Plea Hr'g Tr. at 22-24.) The district court then accepted his guilty plea and ordered the preparation of a presentence report.
 
 
 4
 At Orville's sentencing hearing, the district court determined that Orville was a career offender under U.S.S.G. Sec. 4B1.1.[1] Because the statutory maximum penalty for Orville's conspiracy charge is twenty years imprisonment, Orville's base offense level was set at 32. See 21 U.S.C. Sec. 856(b); U.S.S.G. Sec. 4B1.1(C). As a career offender, Orville's criminal history category was VI. Orville received a two-point reduction in base offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1, resulting in a guideline range of 168 to 210 months imprisonment. The district court sentenced Orville to 210 months (seventeen and one-half years) imprisonment on the conspiracy charge, and 120 months (ten years) imprisonment on the firearm possession charge, the sentences to run concurrently. A three-year term of supervised release was also imposed. The court advised Orville that he could appeal his conviction and sentence.
 
 
 5
 In his Sec. 2255 motion, Orville alleges that his guilty plea was unknowing and involuntary, and that the government did not have a factual basis for charging him with conspiracy to maintain a laboratory for illicit drug manufacturing. He also asserts that his counsel was ineffective for advising him to plead guilty.[2] The district court held that Orville procedurally defaulted on these claims by failing to raise them on direct appeal. See Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993); Van Russell v. United States, 976 F.2d 323, 326 (7th Cir.1992), cert. denied, 113 S.Ct. 2376 (1993).
 
 
 6
 As in Belford v. United States, 975 F.2d 310 (7th Cir.1992), Orville contends that counsel's failure to file a direct appeal constituted ineffective assistance, which in turn excuses his procedural default. See id. at 313-14. Although ineffective assistance of appellate counsel may establish cause for procedural default, see id. at 314 (citing Murray v. Carrier, 477 U.S. 478 (1986)), in order to prove ineffective assistance, Orville must show that counsel's representation fell "outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and that it resulted in an outcome that is unreliable or fundamentally unfair, see Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993) (citing Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993)). A successful ineffective assistance claim must therefore include a showing that if counsel had filed a direct appeal, Orville would have had a reasonable probability of obtaining relief to which he is entitled under law. See Fretwell, 113 S.Ct. at 842-43; Belford, 975 F.2d at 315.
 
 
 7
 Orville falls far short of meeting this standard. He maintains that (1) his plea was unknowing and involuntary, see Boykin v. Alabama, 395 U.S. 238, 242-44 (1969), and (2) because the conspiracy involved only himself and Dibble, a government informant, the government would not have been able to prove an essential element of the offense, see United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir.1993) (no conspiracy exists if only participants are defendant and government informant) (citations omitted).[3] By Orville's reasoning, his attorney was ineffective for advising him to plead guilty, then failing to appeal his conviction on these grounds. The guilty plea hearing transcript belies these claims. At the hearing, Orville expressly admitted that persons other than Dibble were involved in planning the methamphetamine laboratory. (Plea Hr'g Tr. at 22-24.) The government brought forward ample evidence to support the factual basis of Orville's admission. (Plea Hr'g Tr. at 17-21.) The transcript, moreover, contains no evidence that Orville was so distressed at the time of the hearing that he was unable to understand the import of his plea, or that his plea was involuntary. On the contrary, the district court was careful to establish that Orville was not under the influence of alcohol or drugs, that he was pleading guilty voluntarily, and that he fully understood the proceedings. See Chichakly v. United States, 926 F.2d 624, 632-33 (7th Cir.1991). Orville's statements to the district judge were made under oath and are presumed to be true. See Van Russell, 976 F.2d at 327; Key v. United States, 806 F.2d 133, 136-37 (7th Cir.1986). Orville cannot prove that, had his attorney appealed his conviction, he would have had a reasonable probability of obtaining relief. See Belford, 975 F.2d at 315. He has therefore failed to establish cause for his procedural default.
 
 
 8
 As noted above, Orville also claims that trial counsel rendered ineffective assistance by advising him to plead guilty. See Hill v. Lockhart, 474 U.S. 52 (1985); Key, 806 F.2d at 138. Because Orville has not procedurally defaulted on this claim, see Guinan, 6 F.3d at 471 (counsel cannot be expected to argue on direct appeal that he rendered ineffective assistance at trial); see also Van Russell, 976 F.2d at 326 n. 2 (claim that trial counsel ignored request to appeal is based upon extrinsic evidence), he is permitted to raise it for the first time on collateral review. See, e.g., Guinan, 6 F.3d at 471 (citing United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991)). The observations we have already made concerning Orville's ineffective assistance of appellate counsel claim also lead us to conclude that Orville's ineffective assistance of trial counsel claim is without merit. The district court's denial of Orville's Sec. 2255 motion is therefore
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Sentencing Guideline Sec. 4B1.1 requires sentencing as a "career offender" if
 (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 U.S.S.G. Sec. 4B1.1. Orville, who was forty years old at the time of the present offense, has an adult criminal record dating from 1969, which includes convictions for aiding and abetting the delivery of marijuana, and possession with intent to deliver marijuana and methamphetamine.
 
 
 [2]
 Orville's contention that he was wrongly sentenced as a career offender pursuant to U.S.S.G. Sec. 4B1.1 is unfounded. Orville has, in any case, waived this claim by failing to raise it in his Sec. 2255 motion. See Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) ( per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991). The government is, moreover, correct in pointing out that claims of sentencing error which do not rise to the level of constitutional violations are not grounds for collateral relief under Sec. 2255. See Basile v. United States, 999 F.2d 274, 276-77 (7th Cir.1993); Scott v. United States, 997 F.2d 340, 341-43 (7th Cir.1993)
 
 
 [3]
 Contrary to the government's argument in Part I of its brief, a failure to prove beyond a reasonable doubt all of the elements of an offense with which a defendant has been charged violates due process. See McMillan v. Pennsylvania, 477 U.S. 79, 85 (1986). Orville's claim may therefore be construed as challenging his attorney's performance for failure to ensure that his due process rights were upheld, a claim which does not involve "open[ing] to collateral review [nonconstitutional] errors that do not themselves call for a writ of habeas corpus." Durrive, 4 F.3d at 551. In any event, Orville contends that he would not have pleaded guilty to conspiracy--thus waiving his constitutional right to put the government to its proof--but for counsel's ineffective assistance. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). These claims must be examined for procedural default