16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Calvin L. DEAN, Petitioner-Appellant,
v.
UNITED STATES of America Respondent-Appellee.
 No. 93-1469.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Calvin Dean entered a plea of guilty to charges of armed bank robbery, 18 U.S.C. Sec. 2113(a), (d), and use of a firearm to commit a crime of violence, 18 U.S.C. Sec. 924(c). On March 12, 1992, the district court sentenced Dean to 37 months on count one and 60 months on count two and ordered that the sentences run consecutively for a total of 97 month's imprisonment. The court also ordered restitution in the amount of $20,867.00 to be paid jointly and severally by Dean and his co-defendant. In lieu of a direct appeal, Dean filed a motion pursuant to 28 U.S.C. Sec. 2255 to vacate, correct, or set aside his sentence and also requested to proceed in forma pauperis. Finding the claims petitioner sought to raise on his Sec. 2255 motion to be without merit, the district court denied leave to proceed IFP and summarily denied Dean's Sec. 2255 motion pursuant to Rule 4 of the Rules Governing section 2255 Proceedings.
 
 
 2
 Dean argues that summary dismissal was improper, claiming that he was entitled to an evidentiary hearing in order to present evidence to prove the alleged errors. His Sec. 2255 motion alleged: (1) that he is entitled to an additional one-point reduction for acceptance of responsibility under the amended version of Sentencing Guidelines Sec. 3E1.1(b)(2), and (2) that he received ineffective assistance of counsel, because counsel failed to prevent the court from imposing restitution in violation of the Federal Rules of Criminal Procedure and his right to due process.
 
 
 3
 Collateral review under 28 U.S.C. Sec. 2255 does not serve as a substitute for a direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). When a petitioner has failed to take a direct appeal he may not obtain collateral relief unless he can show both cause for the procedural default and actual prejudice resulting from the failure to appeal. United States v. Frady, 456 U.S. 152, 168 (1982); Van Russell v. United States, 976 F.2d 323, 327 (7th Cir.1992) (cause and prejudice standard applies to defendants who plead guilty then allege constitutional violations for the first time in a Sec. 2255 proceeding), cert. denied, 113 S.Ct. 2376 (1993). The district court found that Dean's failure to appeal amounted to a procedural default, which he failed even to attempt to explain.
 
 
 4
 Dean argues that the amendment to Sec. 3E1.1, effective November 1, 1992, served merely to clarify the earlier Guideline version and should be applied retroactively to his case. But see Ebbole v. United States, 8 F.3d 530, 538-39 (7th Cir.1993). Presumably this issue was not raised on a direct appeal because the effective date of the amendment to the Guideline--November 1, 1992--was well after the time for an appeal had passed. Even if we could reach this claim, we would find it to be without merit.
 
 
 5
 In order to obtain collateral review of an alleged error in application of the Sentencing Guidelines, Dean must establish that the denial of a retroactive sentence reduction deprived him of due process, or otherwise resulted in a sentence imposed in violation of the Constitution. Scott v. United States, 997 F.2d 340 (7th Cir.1993); see Johnson v. United States, 805 F.2d 1284, 1287 (7th Cir.1986) (Rule 32 violation). Dean has not advanced such an argument, nor would he likely succeed in arguing that a change in the Guidelines retroactively affords him additional due process in an already concluded proceeding. Claims of error which cannot be brought on collateral review need not be analyzed for procedural default, Basile v. United States, 999 F.2d 274 (7th Cir.1993), and as such may be summarily dismissed.
 
 
 6
 Dean also claims that he received ineffective assistance of counsel, which this circuit holds may be raised for the first time on collateral review when the claim is based on evidence outside of the trial court record. Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). We need not determine, however, whether Dean's complaint would fall within this exception. Because this claim is based on an alleged sentencing violation, which Dean has failed to show resulted in a fundamentally unfair or unreliable sentence, it is destined to fail. E.g., Durrive v. United States, 4 F.3d 548 (7th Cir.1993) (citing Lockhart v. Fretwell, 113 S.Ct. 838, 842-44 (1993)).
 
 
 7
 Dean based his ineffective assistance claim on his attorney's alleged failure to prevent the court from imposing restitution at sentencing. Had counsel ensured compliance with the requirements of 18 U.S.C. Sec. 3664(a) for determining whether to impose an order of restitution, he argues, the district court would have ordered either a lower amount of restitution, or none at all. If Dean is correct that due to counsel's deficient performance, the district court based its decision to impose restitution on inaccurate information, then he may have been denied due process of law. See Johnson, 805 F.2d at 1288. Contrary to petitioner's argument, however, the presentence report identified Dean's financial history and analyzed his ability to pay based on that information. There is no evidence in the record that the district court did not consider Dean's financial condition in contemplating a restitution order. We conclude therefore that any error counsel made in failing to ensure compliance with the rules guiding the imposition of restitution was not the kind of error that had a significant effect on the sentence so as to render it "unreliable or ... fundamentally unfair." Durrive, 4 F.3d at 551.
 
 
 8
 Dean's final argument is that the district court should not have summarily dismissed his Sec. 2255 motion without an evidentiary hearing. Although an evidentiary hearing may be warranted where a factual matter is at issue, see Van Russell, 976 F.2d at 326, Dean presented no evidence to support his claim of ineffective assistance, nor did he identify any facts which the judge failed to consider in sentencing which, if considered, may have affected the outcome. Having handled this case from the start, the judge had sufficient information based on its recollection, the record, and the law to conclude that the factors relevant to imposing restitution were considered and that Dean had received effective assistance of counsel at sentencing. Ebbole, 8 F.3d at 534. Under these circumstances then no hearing was necessary. E.g., Liss v. United States, 915 F.2d 287, 290 (7th Cir.1990).
 
 
 9
 Finding the decision of the district court to summarily deny Dean's Sec. 2255 motion proper, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record