41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William W. MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2402.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 15, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This is William Moore's fifth petition for relief, under 28 U.S.C. Sec. 2255, from a conviction based on a guilty plea in 1976. The first two petitions came hard on the heels of the conviction. The district court consolidated and denied them; we affirmed. Two more petitions came in 1979, again consolidated, again rejected, and again affirmed. Now comes the fifth, filed in 1992, after the end of the 15-year prison sentence but before the expiration of the special parole that was to follow the time in prison. (The case therefore is not moot). Once again the district court denied relief; again we affirm.
 
 
 2
 Moore's current effort is barred by Rule 9 of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code. Rule 9(a) provides that a prayer for relief may be denied if delay has prejudiced the government's ability to respond. The prosecutor states that the transcripts of the plea and sentencing hearings are unavailable. (A court order required the prosecutor to send the originals to Moore, who claims that he lost them.) Rule 9(b) provides that a second or successive petition may be dismissed if it fails to allege new grounds, or if the new grounds amount to an abuse of the procedure governed by the rules. Moore's current motion, asserting ineffective assistance of counsel, fails to allege new grounds. What he presents now has been presented and resolved before. He does not contend that there is any change of law or that the evidentiary hearing he received many years ago was procedurally defective. Sanders v. United States, 373 U.S. 1, 15-17 (1963); Van Russell v. United States, 976 F.2d 323, 325 (7th Cir.1993). He does contend that he has a new legal theory, but if this recharacterization gets him out of the first clause of Rule 9(b), it does so only by dropping the claim into the second clause, leading to dismissal for abuse of the procedure for collateral attack--because Moore does not offer any cause for omitting his current theory from the earlier proceedings, or any prejudice attributable to this choice. McCleskey v. Zant, 499 U.S. 467 (1991).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record