45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gregory LEE, also known as Frank Lee, also known as Ike,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3113.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 23, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Gregory Lee, a federal prisoner, appeals the district court's denial of his third motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The district court concluded that this petition was an abuse of the procedure governing Sec. 2255 motions. See Rules Governing Section 2255 Proceedings, Rule 9(b), 28 U.S.C. foll. Sec. 2255. For the reasons stated below, we affirm.
 
 BACKGROUND
 
 2
 In November 1986, a jury convicted defendant Gregory Lee of armed robbery of a federally insured savings and loan association in violation of 18 U.S.C. Sec. 2113(d), aiding and abetting the use of a firearm to commit a crime of violence in violation of 18 U.S.C. Sec. 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 1202(a)(1). He was sentenced to a total of 27 years imprisonment. It was later determined that defense counsel had falsely told Lee that an appeal from the conviction had been filed. In fact, counsel never filed any appeal. See United States v. Lee, No. 89-2153, slip op. at 1-2 (7th Cir. Jan. 19, 1990) (unpublished order).
 
 
 3
 In February 1989, Lee filed his first Sec. 2255 motion to vacate, complaining that his attorney's misconduct denied him the opportunity for a direct appeal. The district court granted the motion, holding that defense counsel's misrepresentations constituted cause for Lee's failure to appeal, and that the denial of an opportunity for a direct appeal constituted prejudice. The court vacated Lee's earlier sentence and resentenced him to the same term as previously imposed, with credit for time served.
 
 
 4
 In June 1989, Lee appealed from the reimposed judgment of conviction, arguing that (1) he was denied effective assistance of counsel at his trial, and (2) his sentence was disproportionate to the sentences of his coconspirators. This court rejected both arguments and affirmed the district court's decision. Id. at 3-6. We stated that the resentencing was the relief that Lee obtained from filing his Sec. 2255 motion. Id. at 3.
 
 
 5
 In September 1991, Lee filed his second Sec. 2255 motion to vacate, asserting ineffective assistance of counsel. The district court denied that motion because Lee had previously raised the same ineffective assistance claim on appeal.
 
 
 6
 In May 1993, Lee filed a third Sec. 2255 motion, claiming that his consecutive sentences for armed bank robbery and possession of a firearm arising out of the same incident violated the Double Jeopardy Clause of the United States Constitution. In July 1993, the district court denied Lee's motion, holding that (1) the defendant's ineffective assistance of counsel claim had already been decided against him on direct appeal, and (2) Lee's failure to assert his double jeopardy claim in his prior motions constituted an abuse of the procedure governing Sec. 2255 motions. The court also held that Lee's double jeopardy argument would fail on the merits because Congress amended Sec. 924(c) in 1984 to authorize consecutive sentences for use of a firearm in the commission of an already-enhanced conviction for armed robbery. United States v. Lee, 93 C 468, slip op. at 2 (E.D.Wis. July 14, 1993) (unpublished decision and order).
 
 
 7
 Lee appealed.
 
 ANALYSIS
 
 8
 On appeal, Lee argues that (1) his sentences for the firearm charge and the armed robbery charge violate the Double Jeopardy Clause, and (2) the amendment to 18 U.S.C. Sec. 924(c) providing for enhanced penalties did not become effective until after he committed the crimes for which he was convicted.
 
 I. Double Jeopardy
 
 9
 Lee contends that the consecutive sentences imposed against him for his convictions under Sec. 2113(d) (armed bank robbery) and Sec. 924(c) (use of a firearm during and in relation to a crime of violence) violate the Fifth Amendment prohibition against double jeopardy. Lee relies primarily on Simpson v. United States, 435 U.S. 6 (1978), in which the Supreme Court held that a defendant could not be sentenced under both Sec. 924(c) and Sec. 2113(d).
 
 
 10
 Clear procedural requirements govern motions under Sec. 2255. Section 2255 itself states that a "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. Sec. 2255. Thus, a movant cannot raise as a basis for vacating his or her sentence a ground raised in a previous Sec. 2255 motion that was decided on the merits. See Van Russell v. United States, 976 F.2d 323, 325 (7th Cir.1992), cert. denied, 113 S.Ct. 2376 (1993).
 
 
 11
 Neither can the movant raise claims that he or she failed to raise in prior petitions. Rule 9(b) of the Rules Governing Section 2255 Proceedings provides that a "second or successive petition may be dismissed if ... new and different grounds are alleged, [and] the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." Rule 9(b), 28 U.S.C. foll. Sec. 2255. A second or subsequent Sec. 2255 motion which raises claims for the first time is generally subject to dismissal for abuse of the motion unless the petitioner can show cause for failing to raise the claims earlier and actual prejudice resulting from the errors of which the petitioner complains. United States v. Flores, 981 F.2d 231, 234-35 (5th Cir.1993); see also Degaglia v. United States, 7 F.3d 609, 612 (7th Cir.1993) (a Sec. 2255 motion may not be utilized to raise constitutional arguments that could have been raised on direct appeal).
 
 
 12
 The double jeopardy claim in Lee's third motion was raised there for the first time, and his failure to raise this claim previously constitutes an abuse of the Sec. 2255 procedure unless he can show cause and prejudice. Lee cannot make such a showing. The district court did not abuse its discretion in dismissing Lee's third Sec. 2255 motion as abusive.
 
 
 13
 Even if Lee had not abused the writ, we agree with the district court that his double jeopardy claim would fail on the merits. Where Congress authorizes cumulative punishment for even the same offense, the double jeopardy clause is not offended. Missouri v. Hunter, 459 U.S. 359, 367 (1983). After the Court's Simpson decision in 1978, Congress amended Sec. 924(c) in the Comprehensive Crime Control Act of 1984 to provide for a mandatory consecutive sentence even when the underlying offense provided for an enhanced sentence for use of a firearm. As this court noted in ruling upon the appeal filed by one of Lee's coconspirators:
 
 
 14
 On its face, Sec. 924(c) clearly indicates that a conviction and sentence under Sec. 924(c) is authorized even when, as here, the underlying offense, Sec. 2113(d), already contains an enhancement provision of its own. Thus, application of the Simpson analysis to Sec. 924(c), as amended, can yield but one conclusion--that Congress specifically did intend to authorize an additional penalty for use of a firearm in the commission of the already enhanced charge of armed robbery of a savings and loan institution.
 
 
 15
 United States v. Harris, 832 F.2d 88, 90 (7th Cir.1987). In light of this congressional intent to authorize cumulative punishments for those who violate Sec. 2113(d) while possessing a firearm, we held in Harris that the double jeopardy clause does not prohibit convictions and sentences under both Secs. 924(c) and 2113(d).
 
 II. Ex Post Facto Clause
 
 16
 Lee also argues that his sentence was an ex post facto application of 18 U.S.C. Sec. 924(c) because the amendment to this section did not become effective until November 1, 1987, months after the events underlying his conviction.
 
 
 17
 Initially, we point out that Lee waived this argument by failing to raise it in his third Sec. 2255 motion. Even if Lee could overcome the waiver and abuse of the motion problems, an identical argument was addressed and rejected by this court in United States v. Chapman, 954 F.2d 1352, 1363 (7th Cir.1992). In Chapman, we explained that the November 1987 effective date related only to the Sentencing Guidelines; Sec. 924(c), as amended by Public Law No. 98-473, became effective when enacted, on October 12, 1984, well before Lee committed his crimes. Id. Accordingly, the application of the amended Sec. 924(c) to Lee's case did not violate the ex post facto clause.
 
 CONCLUSION
 
 18
 For the foregoing reasons, we AFFIRM the district court's denial of Lee's Sec. 2255 motion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record