82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bruce A. BENJAMIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3647.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1996.*
Decided April 4, 1996.
 
 Before FAIRCHILD, CUMMINGS and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Bruce Benjamin's vehicle was seen weaving just prior to its departure from the road. When law enforcement personnel approached the vehicle, they saw three rifles and two shotguns lying in the back seat and between the two front seats. Benjamin was charged with unlawful possession of a firearm and unlawful transportation of a stolen firearm in violation of 18 U.S.C. § 922. He filed pretrial motions to suppress both physical evidence and statements obtained by police officers. After the district court denied his motions to suppress, Benjamin entered into an agreement whereby he pleaded guilty to the unlawful possession of a firearm charge in exchange for the government's dismissal of the transportation of a stolen firearm charge. In the plea agreement, Benjamin's counsel expressly reserved the right to appeal the district court's suppression rulings, which we affirmed in United States v. Benjamin, 995 F.2d 756 (7th Cir.1993).
 
 
 2
 Benjamin subsequently moved the district court under 28 U.S.C. § 2255 to vacate his guilty plea. He contended that his guilty plea was not knowingly entered, see Parke v. Raley, 506 U.S. 20, 28-29, and that he was denied his right to effective counsel in violation of the Sixth Amendment. The district court denied his motion and Benjamin now appeals.
 
 
 3
 Benjamin did not make any challenges to his conviction on direct appeal. Challenges not made on appeal cannot be raised on collateral review absent a showing of cause and actual prejudice resulting from the alleged violation. Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), certiorari denied, 114 S.Ct. 939. Benjamin claims that the deficient performance of his attorney, Mr. Kalal, not only stands as a separate justification for a setting aside of his conviction, but also excuses his failure to raise the challenge to his guilty plea on direct appeal. Because we have recognized that ineffective assistance of counsel can sometimes excuse a failure to raise an issue on appeal, see, e.g., Precin v. United States, 23 F.3d 1215, 1218 (7th Cir.1994), we will examine both of Benjamin's contentions.
 
 
 4
 To prove a Sixth Amendment violation for ineffective assistance of counsel, a defendant must prove (1) deficient performance by his attorney; and (2) actual prejudice from the representation. Lockhart v. Fretwell, 506 U.S. 364, 368. Benjamin suggests that his attorney was ineffective in two ways. First, Benjamin argues that the evidence against him was weak and that his attorney thus erred in advising him to plead guilty. This contention is refuted by the record. The record indicates that Benjamin was apprehended with the five firearms in the plain view of the arresting officers. At the plea hearing, Benjamin admitted that he was driving the car in which the firearms were lying. Furthermore, he agreed with the government's statement that it could readily prove that on three separate occasions following his arrest, to three separate law enforcement personnel, Benjamin admitted possession of the guns in question. This evidence is hardly "weak."
 
 
 5
 Next, Benjamin claims that his attorney did not adequately look into Benjamin's possible defenses so as to allow Benjamin to make an informed decision regarding his plea. Specifically, Benjamin claims that Mr. Kalal did not investigate the possibility of using Benjamin's drunkenness as a defense to the charge. However, as the district court noted, this suggestion is also refuted by the record. As mentioned above, the government was ready to prove that Benjamin had admitted on three separate occasions that he was in possession of the firearms. These repeated admissions cast significant doubt on any claim that Benjamin was too drunk to have known that the guns were in his possession. Moreover, at the plea hearing the district court specifically questioned Benjamin and his attorney on the issue of possible defenses:
 
 
 6
 COURT: Mr. Kalal, have you had a chance to talk to Mr. Benjamin about possible defenses that he might have to this charge and also about the consequences of pleading guilty?
 
 
 7
 KALAL: Yes, Your Honor.
 
 
 8
 COURT: Mr. Benjamin, do you think you have had enough time to talk with Mr. Kalal about these matters?
 
 
 9
 BENJAMIN: Yes, ma'am.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 COURT: Mr. Kalal, I assume you have explored this possibility that obviously that--either that Mr. Benjamin was so drunk he couldn't know what was going on in the car or that for some reason the government would be enable to show that he was actually in possession of the guns?
 
 
 13
 KALAL: Both of those have been discussed with Mr. Benjamin, Your Honor.
 
 
 14
 The district court found Benjamin's attorney to be able and experienced, the briefs he filed to be comprehensive and well-written, and his representation at the evidentiary hearings to be vigorous. The attorney filed objections to the adverse recommendations of the magistrate judge and conscientiously negotiated Benjamin's plea agreement such that he remained able to appeal the denial of his motion to suppress evidence. Benjamin's contention that his attorney did not adequately represent him is not supported by the record.
 
 
 15
 Benjamin's argument that he did not enter his guilty plea knowingly is similarly unsupported. At the plea hearing, the district court correctly followed Rule 11 procedure and advised Benjamin of his right to a jury trial, his right to call and cross-examine witnesses, and his right to testify or to refuse to testify. The court explained the consequences of his guilty plea and informed him of the mandatory minimum sentence that would be imposed against him. The court further explained the nature of the charges against him and had Benjamin explain the offense in his own words. Benjamin stated that he understood the charges against him, the consequences of his guilty plea, and informed the court that he was entering his plea willingly.
 
 
 16
 We have previously noted that "the representations of a defendant constitute a 'formidable barrier' to collateral relief and carry a strong presumption of truth." Van Russell v. United States, 976 F.2d 323, 327 (7th Cir.1992). Nonetheless, Benjamin argues that we should disregard his answers to the district court and invalidate his plea because he was drunk at the time of his offense and thus he could not have entered into a valid plea agreement. As the district court noted, Benjamin's view of the law is incorrect. The test of whether a plea is entered knowingly is whether the defendant comprehended what he was doing when he entered the plea, not whether he understood what he was doing when he committed the crime. Benjamin has pointed to nothing indicating that he did not know what he was doing at the time he pleaded guilty.
 
 
 17
 The denial of Benjamin's Section 2255 motion is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that oral argument would not be helpful to the Court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record