Dennis Ralph KATZ,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 89–35797.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 1990 *.

Decided Dec. 11, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Dennis Ralph Katz, Safford, Ariz., in pro per.

Andrew R. Hamilton, Asst. U.S. Atty., Seattle, Wash., for defendant-appellee.

Before TANG, NELSON and CANBY, Circuit Judges.

TANG, Circuit Judge:

Dennis Katz ("Katz") appeals *pro se* the district court's dismissal of his 28 U.S.C. § 2255 motion. Katz alleged ineffective assistance of counsel based on his counsel's failure to perfect his appeal. The district court denied the petition, ruling that his escape disentitled his appeal and that the extreme delay prejudiced the government. We affirm the denial of the petition.

## FACTS AND PROCEEDINGS

On March 31, 1971, a jury convicted Katz of two offenses related to the concealment, transportation, and delivery of marijuana. On April 23, 1971, the district court sentenced Katz to seven years of imprisonment on each of his offenses and to a $2500 fine. The terms of imprisonment were concurrent.

The same day the district court sentenced Katz, he filed a notice of appeal. That day Katz was also released on bond. Sometime after the filing of the notice of appeal and his release on bond, Katz left the jurisdiction. Because Katz failed to perfect his appeal, this court dismissed Katz's appeal for lack of prosecution.

In 1984, thirteen years after his escape, authorities in Norway arrested Katz on drug charges. The United States obtained extradition and incarcerated Katz at a federal correctional institution.

On March 28, 1989, Katz filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. Among his claims, Katz asserted that his counsel had been ineffective because he allegedly made various errors relating to the 1971 trial and sentencing. The magistrate recommended dismissal of Katz's ineffective assistance of counsel claim on two grounds: (1) Katz's escape disentitled him from any further review of his conviction or sentence, and (2) Rule 9(a) of the Rules governing section 2255 motions precludes such motions when delay prejudices the government. Katz challenged the magistrate's report on the ground that his counsel was ineffective because he failed to perfect Katz's appeal. The district court adopted the magistrate's report and dismissed Katz's case. Katz filed a timely appeal.

## STANDARD OF REVIEW

We review the district court's denial of a section 2255 motion de novo. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990).

## DISCUSSION

Katz argues that he was denied effective assistance of counsel because his attorney failed to perfect Katz's appeal after he left the jurisdiction. The government argues that we need not reach the merits of the case because Katz forfeited all rights to further review of his conviction or sentence under the disentitlement doctrine when he escaped federal custody. We reject the government's disentitlement argument, but we also conclude that Katz's ineffective assistance of counsel claim has no merit.

### (i) *Disentitlement Doctrine*

In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the United States Supreme Court held that it need not adjudicate the *pending* appeal of a fugitive. This circuit has followed *Molinaro* and has held that the court may in its discretion refuse to exercise its jurisdiction

to hear the *pending* appeal of a fugitive. *See, e.g., Hussein v. INS*, 817 F.2d 63 (9th Cir.1986) (court refused to hear pending appeal when petitioner escaped from federal custody after filing of appeal); *United States v. Freelove*, 816 F.2d 479, 480 (9th Cir.1987) (court ordered that the pending appeal of a fugitive be dismissed unless he surrendered to authorities within 42 days of the date of the order).

■ We agree with the underlying rationale of those cases. It is usually appropriate to refuse to exercise jurisdiction over the appeal of a person who is in fugitive status because that person is attempting to bargain with or to obtain a tactical advantage over the court: that is, to await the judicial result and return if it is favorable or to remain a fugitive if it is not. One may not invoke the power of judicial review only thereafter to obey or disobey the court's mandate as one sees fit. *Freelove*, 816 F.2d at 480. Thus we may dismiss an appeal of a fugitive, and the fugitive may later have to bear the consequences of that lost opportunity.

*Molinaro, Hussein,* and *Freelove* do not apply to this case. Katz is in federal custody as he prosecutes this current appeal. Thus, unlike the defendants in the cited cases, Katz's appeal and his fugitive status are not contemporaneous events. Because Katz is in custody, he is not now bargaining or seeking a tactical advantage over this court. He remains subject to its jurisdiction and its mandate no matter the result. Therefore, the rationale underlying *Molinaro, Hussein,* and *Freelove* does not apply here.

■ In 1971, had our attention been called to Katz' status, we would have dismissed Katz's direct appeal, if perfected, on the basis of *Molinaro* because he was then a fugitive when that appeal was pending. However, we have not previously applied the disentitlement doctrine to a defendant who escaped after conviction but was recaptured prior to pursuing further legal remedies. Thus, contrary to the government's assertions and the district court's decision, the mere fact of Katz' escape during the pendency of his then direct appeal does not operate now to bar the present appeal by application of the disentitlement doctrine.

The government cites with favor the broader application of the disentitlement doctrine adopted by the Second Circuit in *United States v. Persico*, 853 F.2d 134 (2nd Cir.1988). In *Persico*, a jury convicted defendant-appellant Persico in 1980 on several counts relating to extortion. *Id.* at 135–36. After conviction but prior to sentencing, Persico escaped. *Id.* at 136. In 1987, Persico was recaptured. *Id.* After sentencing, Persico then brought a direct appeal which alleged trial and sentencing errors. *Id.*

The Second Circuit began its analysis of the alleged trial error by noting that the disentitlement doctrine of *Molinaro*—dismissal of a fugitive's pending appeal—is well established. *Id.* The court identified four considerations that underlie the disentitlement doctrine: (1) a decision respecting a fugitive is effectively unenforceable because the fugitive is beyond the control of the court; (2) loss of appellate review is appropriate because a fugitive by escaping flouts the judicial process; (3) a rule of dismissal has the salutary effect of discouraging escape and promotes the efficient operation of appellate courts; and (4) the delay occasioned by the period of a defendant's flight can prejudice the prosecution should a new trial be ordered after a successful appeal. *Id.* at 137.

The Second Circuit observed that its case was unlike *Molinaro* in two ways: first, Persico escaped after conviction but before sentencing; and second, Persico was not at large when the appeal was pending. *Id.* Nevertheless, the Second Circuit concluded that "the considerations that support the *Molinaro* line of decisions provide compelling reasons for declining to consider trial errors asserted by a defendant who absconds after conviction and is recaptured before sentencing." *Id.* The Second Circuit acknowledged that one consideration prompting the disentitlement doctrine (a fugitive being beyond the control of the court) did not apply in *Persico*, but argued that the other three considerations applied

with equal force. *See id.* at 137–38. Indeed, the Second Circuit asserted that defendants like Persico who escaped after conviction but before sentencing were more disrespectful of the judicial process than those who escaped after the filing of the notice of appeal. *Id.* at 138. Nevertheless, the Second Circuit did grant review of Persico's sentencing claim because sentencing occurred after his return to custody. *Id.*

We will not follow *Persico* to broaden and make the disentitlement doctrine apply when the person seeking judicial relief is no longer a fugitive. *Persico's* rule does not merely seek to prevent a fugitive from obtaining an unacceptable tactical advantage with the court; it enters the realm of punishment and penalizes a fugitive for his escape. We think there are several reasons why this step is unwise.

First, we question that the disentitlement doctrine will have the deterrent effect that the *Persico* court highlighted. The *Persico* court gives insufficient weight to the fact that escape can be punished in other ways than by waiver of one's right to judicial review. For example, a fugitive can be charged and convicted of escape under 18 U.S.C. § 751, an offense which can draw up to five additional years of imprisonment. Also, an escape prior to sentencing, as in *Persico*, could result in a higher sentence. Thus, the disentitlement doctrine does not stand alone as a deterrence to escape. Second, it is difficult to assess on what principled basis we can say, as the Second Circuit did, that an escape after conviction is more disrespectful of the judicial process than an escape after filing of the notice of appeal. All escapees flout the judicial process.

Lastly, while we accept the necessity of disentitlement to prevent a current fugitive from taking improper tactical advantage of the court, we believe for two reasons that the disentitlement doctrine should be expanded only with great caution. First, jurisdictional schemes as well as the fixing of the penalties for escape ultimately belong within the province of the legislature, not the judiciary. Yet the disentitlement doctrine consists of a judicial refusal to exercise jurisdiction. It is better that we defer to Congress on the issue of what effect an escape followed by return or recapture should have on further judicial proceedings. Second, the disentitlement doctrine may well bar otherwise meritorious claims. Society, as well as the individual defendant, has an interest in judicial review of convictions and sentences allegedly imposed in violation of the Constitution.

Because we conclude the disentitlement doctrine does not, as the government claims, resolve this case, we will consider the merits of Katz's ineffective assistance of counsel claim.

(ii) *Ineffective Assistance of Counsel Claim*

■ Under the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to obtain relief for a claim based on ineffective assistance of counsel, the petitioner must demonstrate that (1) his counsel made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and (2) prejudice resulted. *United States v. Popoola*, 881 F.2d 811, 813 (9th Cir.1989). To demonstrate prejudice, the petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

We conclude that Katz did not make the showings *Strickland* requires. Even if we assume the failure to perfect an appeal is an act outside the range of reasonably competent counsel, Katz has failed to show prejudice. If Katz's attorney had perfected his 1971 appeal, as pointed out earlier, the appeal would have been dismissed on the ground of the *Molinaro* disentitlement doctrine.[1] Thus, Katz can show no prejudice.

Our conclusion is supported by the Eighth Circuit's reasoning in *Wayne v. Wyrick*, 646 F.2d 1268 (8th Cir.1981). In

---

1. There may be extraordinary cases where we cannot assume, as we do here, that we would have dismissed an appeal on disentitlement grounds. This is not an extraordinary case.

*Wayne,* the defendant Wayne was convicted of second degree murder in Missouri state court. *Id.* at 1269. He escaped after the filing of his notice of appeal. *Id.* While Wayne was a fugitive, his attorney failed to perfect his appeal. *Id.* After recapture, Wayne filed in Missouri state court a motion to vacate his sentence based in part on the failure of his counsel to perfect his appeal. *Id.* Wayne lost this motion at the trial level and in all subsequent state court appeals. *Id.* The Missouri courts all held that Wayne's escape disentitled him from pursuing his rights to appeal. *Id.* Wayne filed a habeas corpus motion in federal district court which alleged ineffective assistance of counsel based on the failure to perfect the appeal. *See id.* The district court denied Wayne relief. *Id.*

The Eighth Circuit observed that failure to perfect an appeal is normally ineffective assistance of counsel. *Id.* at 1269. Nevertheless, the district court's decision was affirmed because the Eighth Circuit concluded that Wayne had not been prejudiced by the attorney's failure to perfect the appeal. *Id.* at 1270. The court reasoned: "Had Wayne's attorney attempted to perfect his appeal while he remained at large, the appeal would surely have been dismissed [on the basis of the disentitlement doctrine] when the court learned of Wayne's fugitive status." *Id.* We concur in that same reasoning to deny relief in this case.

### CONCLUSION

We affirm the district court's dismissal of Katz's section 2255 motion. Although we reject the government's suggestion that we expand the disentitlement doctrine, we conclude that Katz cannot meet the *Strickland* test to show ineffective assistance of counsel because he cannot show prejudice.

AFFIRMED.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).