15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Eugene HEARRON, Defendant-Appellant.
 No. 86-1232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Jan. 18, 1994.
 
 Before: KOZINSKI O'SCANNLAIN, Circuit Judges, and THOMAS S. ZILLY, District Judge.*
 MEMORANDUM**
 Dennis Eugene Hearron ("Hearron") appeals the District Court's failure to dismiss his Indictment. Hearron also contends that this Court should consider this appeal as a result of this Court's Order dated June 21, 1993 recalling the mandate which had previously dismissed his appeal. The issue presented is whether Hearron's fugitive status during the original appeal forfeits his right to further review under the disentitlement doctrine. We reinstate the appeal, reject the Government's disentitlement argument and REVERSE the District Court and REMAND.
 FACTS AND PROCEEDING
 On June 12, 1986, Hearron and his co-defendant Johns were found guilty of a conspiracy to distribute marijuana (Count I) and possession of marijuana with intent to distribute (Count II). On August 4, 1986, Hearron was sentenced to five years in prison on Count I and five years probation on Count II. Hearron appealed his conviction and the appeal was consolidated with co-defendant Johns' appeal.[1] Hearron, while on bail pending the appeal, became a fugitive on two occasions. Hearron's appeal was dismissed on December 10, 1986 because he had become a fugitive prior to that date. His appeal was reinstated on February 23, 1987 after his apprehension. In June 1987, Hearron again became a fugitive and remained so until his arrest in August 1991. The Johns and Hearron appeal was originally argued on August 14, 1987. On August 20, 1987, this Court again dismissed Hearron's appeal because he was a fugitive. Johns' appeal continued and ultimately resulted in a dismissal of all charges against Johns on February 20, 1991. See U.S. v. Johns, 891 F.2d 243 (9th Cir.1989); ER 42.
 After Hearron's arrest in August 1991,[2] Hearron moved to dismiss the Indictment in reliance on the U.S. v. Johns decision. Hearron argued that because the seizure of marijuana in this case was the fruit of the illegal stop of Johns, in violation of the Fourth Amendment, the Indictment against him must also be dismissed. The District Court denied the motion to dismiss and this appeal followed. Thereafter, by Order of this Court filed June 21, 1993, this Court recalled the mandate dismissing Hearron's appeal and ordered that Hearron's motion to reinstate appeal be placed before a panel of this Court. The motion was referred to this Court's merits panel and we reinstate the appeal and consider Hearron's appeal on the merits.
 STANDARD OF REVIEW
 We review the District Court's decision on a matter of law de novo. United States v. Bolinger, 940 F.2d 478, 481 (9th Cir.1991).
 DISCUSSION
 Based on the reasoning of U.S. v. Johns, 891 F.2d 243 (9th Cir.1989), Hearron should be entitled to relief unless he has forfeited his rights to review under the disentitlement doctrine. In Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court declined to adjudicate a defendant's case because he fled after appealing his state conviction. The Court reasoned that by absconding, the defendant forfeited any right to "call upon the resources of the Court for determination of his claims." Id., 396 U.S. at 366, 24 L.Ed.2d at 586, 90 S.Ct. at 499. In Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), the Supreme Court upheld a Texas statute that mandated dismissal of an appeal if the defendant fled after commencing an appeal. Both Molinaro and Estelle are based on the concept that an appellate court may invoke procedural rules to protect its jurisdiction and ensure the orderly and efficient use of its resources.
 This Court has followed Molinaro and adopted the disentitlement doctrine. See, e.g., Katz v. United States, 920 F.2d 610, 611-612 (9th Cir.1990) (citing Hussein v. INS, 817 F.2d 63 (9th Cir.1986) (court refuses to hear appeal pending after escape); United States v. Freelove, 816 F.2d 479, 480 (9th Cir.1987) (court orders appeal dismissed unless the defendant surrenders within 42 days)). "It is usually appropriate to refuse to exercise jurisdiction over the appeal of a person who is in fugitive status because that person is attempting to bargain with or to obtain a tactical advantage over the court." Katz, 920 F.2d at 612. However, unlike Molinaro, Hussein and Freelove, the Katz court refused to apply the disentitlement doctrine because Katz was in custody and his appeal and his fugitive status were not contemporaneous events. Katz was convicted and sentenced, filed his Notice of Appeal in 1971, and thereafter fled. Because Katz did not perfect his appeal, it was dismissed for lack of prosecution. In 1984, 13 years after his escape, he was arrested and placed in federal custody. In 1989, Katz filed his motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. Sec. 2255. This Court, on appeal, refused to extend the disentitlement doctrine to cases where the person seeking judicial relief is no longer a fugitive. The Court reasoned, in part, as follows:
 [W]hile we accept the necessity of disentitlement to prevent a current fugitive from taking improper tactical advantage of the court, we believe for two reasons that the disentitlement doctrine should be expanded only with great caution. First, jurisdictional schemes as well as the fixing of the penalties for escape ultimately belong within the province of the legislature, not the judiciary. Yet the disentitlement doctrine consists of a judicial refusal to exercise jurisdiction. It is better that we defer to Congress on the issue of what effect an escape followed by return or recapture should have on further judicial proceedings. Second, the disentitlement doctrine may well bar otherwise meritorious claims. Society, as well as the individual defendant, has an interest in judicial review of convictions and sentences allegedly imposed in violation of the Constitution.
 Katz, 920 F.2d at 613.
 The disentitlement doctrine was recently considered by the United States Supreme Court in Ortega-Rodriguez v. United States, --- U.S. ----, 122 L.Ed.2d 581, 113 S.Ct. 1199 (1993). In Ortega-Rodriguez, the defendant escaped and was recaptured before filing his appeal. The Court held dismissal of the appeal would be improper because "[a]bsent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during 'the ongoing appellate process,' the justifications advanced for dismissal of fugitives pending appeals generally will not apply." Id., 122 L.Ed.2d at 597 (citation omitted). The Court also concluded that the facts in Ortega-Rodriguez were not "sufficiently disruptive of the appellate process that dismissal would be a reasonable response...." 122 L.Ed.2d at 598.
 CONCLUSION
 Hearron is now in federal custody. Like Katz, his present appeal and fugitive status are not contemporaneous events. "He remains subject to [the Court's] jurisdiction and its mandate no matter the result." Katz, 920 F.2d at 612. Hearron's fugitive status did not affect his co-defendant's lengthy appeal in U.S. v. Johns. Hearron has an otherwise meritorious claim. The disentitlement doctrine should not be applied to bar his claim. For the reasons stated in U.S. v. Johns, the judgment of conviction is REVERSED and the case is REMANDED for further proceedings consistent with this ruling and U.S. v. Johns, 891 F.2d 243 (9th Cir.1989).
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appeals of this defendant and co-defendant Johns have had an unusual and protracted history as set forth in U.S. v. Johns, 891 F.2d 243 (9th Cir.1989). The history will not be repeated in this opinion except as necessary to decide the issue presented
 
 
 [2]
 Hearron's activities during his fugitive status resulted in other unrelated federal charges. He is currently serving a life sentence on those charges