**Carlos Renan–Perez CANALES, Petitioner,**

v.

**Ernest C. ROE, Warden, et al., Respondents.**

**No. CV 96–6804–CBM(E).**

United States District Court, C.D. California.

Dec. 11, 1996.

---

Carlos Renan–Perez Canales, Petitioner pro se.

Carl N. Henry, Deputy Attorney General, Los Angeles, California, for Respondents.

## ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

CONSUELO BLAND MARSHALL, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Consuelo B. Marshall, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of

the United States District Court for the Central District of California.

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" on September 26, 1996. Respondents filed an Answer on October 24, 1996. Petitioner filed a Traverse on November 12, 1996.

## BACKGROUND AND SUMMARY OF PETITIONER'S CONTENTIONS

Following conviction in state court, Petitioner's counsel failed to file a timely notice of appeal. Subsequently, the state courts barred the desired appeal as untimely and refused to relieve Petitioner from this default.

In post-conviction state court proceedings and herein, Petitioner has argued: (1) counsel's failure to file a timely notice of appeal denied Petitioner the effective assistance of counsel; and (2) the state courts' refusal to permit a belated appeal violated Petitioner's constitutional rights. Neither in the state court proceedings nor herein has Petitioner identified any arguable appellate issue; Petitioner has not attempted to demonstrate the probable success of the desired appeal.[1]

## STANDARD OF REVIEW

■ Federal habeas corpus relief may be granted "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mere errors of state law are not cognizable on federal habeas corpus. *Id.; Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). The "Antiterrorism and Effective Death Penalty Act of 1996" has imposed

additional prerequisites to the granting of federal habeas relief under section 2254:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States;* or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as amended) ("section 2254(d)") (emphasis added).

## DISCUSSION

For the reasons discussed herein, the Petition should be denied and dismissed with prejudice.[2]

**I. *Petitioner Has Failed to Demonstrate That the State Courts' Adjudication of Petitioner's Ineffective Assistance of Counsel Claim Resulted in a Decision for Which Federal Habeas Corpus Relief is Appropriate Under Section 2254(d).***

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court defined the general standard governing ineffective assistance of counsel claims. Under this standard, a petitioner generally must prove: (1) his or her "counsel's representation fell below an objective standard of reasonableness"; *and* (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 688, 694, 104 S.Ct. at 2064–65, 2068 ("the *Strickland* standard"). Courts sometimes

---

1. If Petitioner had attempted to identify potential appellate issues for the first time in the present proceeding, Petitioner would have run afoul of the requirement that he exhaust available state remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b); *Pappageorge v. Sumner,* 688 F.2d 1294 (9th Cir.1982), *cert. denied,* 459 U.S. 1219, 103 S.Ct. 1223, 75 L.Ed.2d 459 (1983)

(addition of new operative facts in support of ineffective assistance of counsel claim warrants dismissal for failure to exhaust available state remedies).

2. The Court assumes, *arguendo,* Petitioner has not procedurally defaulted any of his claims.

term the second enumerated requirement as the "prejudice prong" of the *Strickland* standard.

In applying the prejudice prong of the *Strickland* standard to counsel's failure to perfect a direct state appeal, different courts have reached different results. Some courts have denied relief in the absence of some showing that the desired appeal would have had a reasonable probability of success. *See, e.g., Van Russell v. United States,* 976 F.2d 323, 327 (7th Cir.1992), *cert. denied,* 508 U.S. 923, 113 S.Ct. 2376, 124 L.Ed.2d 280 (1993), *overruled by Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994); *Katz v. United States,* 920 F.2d 610, 613–14 (9th Cir.1990), *abrogated by Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992); *United States v. Popoola,* 881 F.2d 811, 813–14 (9th Cir.1989), *abrogated by Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992); *People v. Valdez,* 789 P.2d 406, 409–11 (Colo.), *cert. denied,* 498 U.S. 871, 111 S.Ct. 193, 112 L.Ed.2d 156 (1990); *Anderson v. State,* 373 N.W.2d 438, 442 (S.D.1985), *overruled by Loop v. Solem,* 398 N.W.2d 140 (S.D.1986); *cf. State ex rel. Schmelzer v. Murphy,* 201 Wis.2d 246, 548 N.W.2d 45 (1996). Other courts have presumed prejudice, regardless of the desired appeal's probability of success. *See, e.g., Romero v. Tansy,* 46 F.3d 1024, 1030–31 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2591, 132 L.Ed.2d 839 (1995); *United States v. Peak,* 992 F.2d 39, 41–42 (4th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 20–23 (1st Cir.1992); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988); *Beasley v. State,* 126 Idaho 356, 359–60, 883 P.2d 714, 717–18 (Idaho App.1994).

Prior to 1992, the Ninth Circuit refused to presume prejudice in this circumstance. *See Katz v. United States; United States v. Popoola.* In *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), on *certiorari* from a case arising in the Ninth Circuit, the Supreme Court held that the question of whether to presume prejudice from counsel's failure to perfect a direct state appeal merited issuance of a certificate of probable cause.

The Supreme Court noted that the Eighth and Tenth Circuits employed a rule of presumed prejudice. *Id.* at 432, 111 S.Ct. at 862.[3] On remand, the Ninth Circuit adopted the rule of presumed prejudice and abrogated its prior, contrary decisions. *Lozada v. Deeds,* 964 F.2d 956, 957–58 (9th Cir.1992).

In the present case, Petitioner has not made any attempt to demonstrate the probable success of his desired appeal. Therefore, Petitioner's ineffective assistance of counsel claim turns upon whether the rule of presumed prejudice applies to a state prisoner presently seeking federal habeas relief. More precisely, Petitioner's claim fails unless the rule of presumed prejudice constitutes "clearly established Federal law, as determined by the Supreme Court of the United States," within the meaning of section 2254(d).

 The United States Supreme Court has not determined whether prejudice will be presumed in a section 2254 habeas action where counsel's error consisted of a failure to perfect a direct state appeal. As previously discussed, lower federal and state courts reached differing conclusions on this issue in the years following announcement of the *Strickland* standard. The *Lozada* Supreme Court merely held that the issue of whether to presume prejudice was "debatable among jurists of reason" and/or "that a court could resolve the issues in a different manner" and/or that the issue was "adequate to deserve encouragement to proceed further." *Lozada v. Deeds,* 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (citations and quotations omitted). Neither the *Lozada* Supreme Court decision nor any other Supreme Court decision has rendered the rule of presumed prejudice under the *Strickland* standard "clearly established Federal law, as determined by the Supreme Court of the United States," within the meaning of section 2254(d). Although the *Strickland* standard itself is "clearly established . . ." within the meaning of section 2254(d) (*see*

---

3. In a *"see also"* cite, the Supreme Court also referenced *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) ("*Rod-* *riquez*"), a pre-*Strickland* decision made in the context of a federal prisoner's motion under 28 U.S.C. section 2255. *Id.*

766

*Baylor v. Estelle,* 94 F.3d 1321, 1325 (9th Cir.1996)), the rule of presumed prejudice is not.[4]

Therefore, section 2254(d) prevents this Court from granting relief on Petitioner's ineffective assistance of counsel claim. *See Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996) ("State courts must knuckle under to decisions of the Supreme Court [of the United States], but not of this [circuit] court"), *petition for cert. filed,* (U.S. Oct. 10, 1996) (No. 96–6298); *United States ex rel. Centanni v. Washington,* 1996 WL 556978 *1 (N.D.Ill. September 27, 1996) (state prisoners' burden under section 2254(d) "is plain: It is to supply chapter and verse in clearly-established Supreme Court constitutional jurisprudence (not just that of any lower courts in the federal system) for each of their current contentions. Any contention as to which they cannot do so must fail as a ground for habeas relief").

The Seventh Circuit recently held that the Supreme Court's decision in *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (*"Penson"*) "clearly established" the rule of presumed prejudice, within the meaning of section 2254(d). *See Fern v. Gramley,* 99 F.3d 255 (7th Cir.1996) (*"Fern"*). With all due respect, the *Fern* Court's reasoning is unpersuasive and does not bind this Court. *See, e.g., Jorsch v. LeBeau,* 449 F.Supp. 485, 488 n. 9 (N.D.Ill.1978) (district courts are not obligated to follow the decisions of circuits other than their own).

In *Penson,* a state appellate court had allowed withdrawal of defendant's appellate counsel and had denied defendant's request for appointment of new counsel, despite former counsel's failure to follow the procedures required in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (*"Anders"*) and despite the appellate court's observation that the defendant possessed several arguably meritorious appellate claims.[5] The *Penson* Supreme Court found that the appellate court thereby erred.

No *Anders* issue arises in the present case. No arguably meritorious appellate claims appear from the record in the present case. Thus, the *Penson* decision is factually distinguishable from the present case and from all other cases cited herein.[6]

Certain language in the *Penson* opinion could support a plea for adoption of the rule of presumed prejudice in a situation where no arguably meritorious appellate claims appear and appellate counsel failed to perfect a direct state appeal. *Penson* at 85–89, 109 S.Ct. at 352–54. As to the issue of presumed prejudice in this context, however, the *Penson* decision falls short of constituting "clearly established Federal law, as determined by the Supreme Court...." This conclusion follows from the distinctions previously identified, coupled with a consciousness of *Penson's* lack of impact upon ensuing circuit and Supreme Court decisions in the relevant context. *See, e.g., Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991); *Van Russell v. United States,* 976 F.2d 323, 327 (7th Cir.1992), *cert. denied,* 508 U.S. 923, 113 S.Ct. 2376, 124 L.Ed.2d 280 (1993), *overruled by, Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994); *Katz v. United States,* 920 F.2d 610, 613–14 (9th Cir.1990), *abrogated by Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992); *United States v. Popoola,* 881 F.2d 811, 813–14 (9th Cir.1989), *abrogated by Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992). If *Penson* "clearly established" the rule of presumed prejudice where counsel fails to perfect a direct appeal in the absence of any arguably meritorious appellate issues, the Ninth Circuit, the Seventh Circuit and the Supreme Court all failed to recognize such clear establishment in the years following

---

4. Because the rule of presumed prejudice in this context never has been "clearly established Federal law, as determined by the Supreme Court of the United States," the Court need not determine the operative time frame under section 2254(d).

5. One of these claims resulted in reversal of the conviction and sentence on a particular count. *Penson* at 79, 109 S.Ct. at 349.

6. The Court also observes *Penson* arose on *certiorari* from a direct state appeal rather than by habeas petition under section 2254, although this distinction may be insignificant for present purposes.

*Penson. Id.*[7]

The Ninth Circuit did not believe *Penson* "clearly established" the matter. Otherwise, the Ninth Circuit would not have refused to presume prejudice in *Katz* and *Popoola.* The Seventh Circuit (the same court that recently decided *Fern*) evidently did not believe *Penson* "clearly established" the matter when it decided *Van Russell.* In denying relief in *Van Russell,* the Seventh Circuit relied upon the defendant's failure to demonstrate the probable success of a potential appeal. *Van Russell,* 976 F.2d at 327. Perhaps most tellingly, the United States Supreme Court evidently did not believe *Penson* "clearly established" the matter. Otherwise, the Supreme Court would have cited *Penson* as dispositive in *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). Had the Supreme Court believed *Penson* settled the rule of presumed prejudice in this context, at a minimum the *Lozada* Supreme Court would have commended *Penson* to the Ninth Circuit on remand. Instead, the *Lozada* Supreme Court cited a circuit conflict in suggesting that the issue was susceptible to debate "among jurists of reason." The *Lozada* Supreme Court did not even mention *Penson.*

The *Fern* Court did not cite *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). Nor did the *Fern* Court acknowledge the Ninth Circuit's post-*Penson* refusal to presume prejudice. The *Fern* Court attempted to explain the Seventh Circuit's own post-*Penson* refusal to presume prejudice only by expressing its doubt that the parties in *Van Russell* had brought *Penson* to the court's attention.[8]

The rule of presumed prejudice now obtains in the Ninth Circuit. The rule finds logical support in numerous cases following *Strickland,* including *Penson.* The rule

avoids the inequitable results sometimes occasioned when unrepresented, unsophisticated individuals are forced to identify potentially meritorious appellate issues at their peril. For the reasons discussed above, however, section 2254(d) prevents this Court from applying the rule of presumed prejudice to grant relief in the present case.

## II. *The State Courts' Refusal to Permit a Belated Appeal Did Not Violate Petitioner's Constitutional Rights.*

██ The state courts' refusal to permit Petitioner to pursue a belated appeal did not violate Petitioner's constitutional rights. State courts' enforcement of state law appellate filing deadlines do not violate would-be appellants' federal constitutional rights. *See, e.g., Application of Moyle,* 241 F.2d 615 (9th Cir.1957); *see also Forrest v. Vasquez,* 75 F.3d 562 (9th Cir.), *cert. denied,* — U.S. ——, 117 S.Ct. 101, 136 L.Ed.2d 55 (1996). To the extent Petitioner contends the state courts misapplied state law governing belated appeals, such contention fails to raise a claim cognizable on federal habeas corpus. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991); *see also Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975) ("state courts are the ultimate expositors of state law").

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

---

**7.** Absent these ensuing decisions, the issue of whether *Penson* (and *Rodriquez* and *Strickland*) "clearly established" the rule of presumed prejudice in this context would seem a much closer issue.

**8.** Where the operative rule consists of "clearly established Federal law, as determined by the

Supreme Court of the United States," the quality of briefing seemingly should never be case-dispositive. *Cf. Elder v. Holloway,* 510 U.S. 510, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) (courts correctly must evaluate legal issues in civil rights cases regardless of parties' failure to cite case authorities that "clearly establish" the constitutional rights in question).

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.