129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Davidene TAIT, Defendant-Appellant.
 No. 96-50084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding.
 Before: GIBSON***, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government urges us to dismiss this appeal because Tait became a fugitive after filing her Notice of Appeal. However, the fugitive disentitlement doctrine does not apply once a defendant has been recaptured. See Katz v. United States, 920 F.2d 610, 612-13 (9th Cir.1990.)
 
 
 3
 Tait claims that the district court erred by denying her a sentence reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We review the district court's decision for clear error, United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990), and affirm. Tait was convicted of making materially false statements to a financial institution and perjuring herself during a bankruptcy proceeding. Tait points to the fact that she pled guilty as evidence that she accepted responsibility for her crimes. But she pled guilty the day before trial after dragging out court proceedings for over seven months; she did not spare the government the burden of preparing for trial. "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Application Notes to U.S.S.G. § 3E1.1
 
 
 4
 Tait also argues that she accepted responsibility for her crimes in a letter to the court. However, this was the second letter Tait submitted; the first placed the blame elsewhere. Only when the court said that the first letter was inadequate did Tait find her conscience. Far from seeing the error of her ways, how-ever, Tait tried to perpetrate an impressively elaborate fraud upon the court in order to get a lighter sentence, wasting the court's time. We agree with the district court that an acceptance of responsibility reduction was wholly unwarranted.
 
 
 5
 Tait also appeals the district court's contribution order requiring her to pay the cost of her public defender attorney's fees pursuant to 18 U.S.C. § 3006A(f). Tait claims that she was never served with the public defender's time and expense records prior to the entry of the order. The Proof of Service attached to the Notice of Under Seal and In Camera Filing filed March 1, 1996, indicates that only Assistant United States Attorney Jack S. Weiss received a copy. We therefore remand to the district court solely for a determination whether Tait received a copy of the public defender's records and had a meaningful opportunity to be heard prior to the entry of the payment order.
 
 
 6
 AFFIRMED in part and REMANDED in part for further proceedings consistent with this disposition.
 
 
 7
 No costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3