Carlos Renan–Perez CANALES, Petitioner–Appellant,

v.

Ernest C. ROE, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 97–55171.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1998.

Decided Aug. 14, 1998.

Octavio A. Pedroza (argued) and James M. Harris, Sidley & Austin, Los Angeles, CA, for petitioner-appellant.

Carole W. Pollack and Carl N. Henry, Deputy Attorneys General, Los Angeles, California, for respondents-appellee.

Before: FLETCHER, FERNANDEZ, and RYMER, Circuit Judges.

FERNANDEZ, Circuit Judge:

Carlos Renan–Perez Canales appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he claimed ineffective assistance of counsel. Canales argued that his trial attorney's late filing of a notice of appeal triggered a rule of presumed prejudice that entitles him to habeas relief. The district court determined that the Supreme Court had not clearly established a rule of presumed prejudice as a matter of federal law. *See Canales v. Roe*, 949 F.Supp. 762 (C.D.Cal.1996) (*Canales I* ). It, therefore, denied the writ. We affirm, but on a different basis.

## BACKGROUND

In February, 1993, Canales was convicted of first-degree murder in the Superior Court of the State of California in and for the County of Los Angeles. Judgment was entered on March 15, 1993. His trial counsel attempted to appeal the conviction, but filed the notice of appeal on May 17, 1993, two days after expiration of the sixty day period prescribed by Rule 31(a) of the California Rules of Court governing appeals in criminal cases. On May 25, 1993, the superior court sent Canales a letter refusing to certify the case for appeal and directing him to seek

relief from the California Court of Appeal. On October 19, 1993, the superior court sent a second letter, after Canales had sent in a well-written request for trial transcripts. That letter again notified him that his notice of appeal was untimely and that he should seek relief from the California Court of Appeal. It gave him the address of that court.

On November 3, 1994, Canales attempted to file a belated notice of appeal with the California Court of Appeal. He indicated that he does not understand English, that his attorney had promised to file the notice of appeal for him, that he had not heard from his attorney since sentencing, that he filed the notice of appeal on May 17, 1993, and that the clerk's office had informed him that the filing was late. He said that he had waited more than a year before filing the belated notice of appeal because it was not until then that a friendly cell mate told him that he could file one. The Court of Appeal denied his belated notice of appeal because he had "failed to justify the 18-month delay in seeking leave to file a belated notice of appeal."

On December 19, 1994, Canales filed another belated notice of appeal, this time with the California Supreme Court, and again attributed the delay to his inability to speak or read English and his ignorance of California law. The Supreme Court treated his filing as a petition for review and denied it without comment. Canales subsequently filed a petition for a writ of habeas corpus with the California Court of Appeal, which was denied on the ground that Canales "is procedurally defaulted from raising this issue in unjustified successive habeas corpus petitions."

In March, 1995, Canales filed a petition for a writ of habeas corpus with the United States District Court for the Central District of California. The district court denied the petition for failure to exhaust. It granted Canales' motion to withdraw the petition in order to exhaust state remedies. After filing an unsuccessful habeas petition with the California Supreme Court in September, 1995, he filed a second habeas petition in the district court. The district court denied that petition, again on exhaustion grounds. Canales responded by filing a second unsuccessful habeas petition with the California Supreme Court in August, 1996.

Canales then filed the instant habeas petition on September 26, 1996. The petition asserted ineffective assistance of counsel on the ground that trial counsel failed to file a timely notice of appeal. The district court denied Canales' petition because the recently enacted Anti-Terrorism and Effective Death Penalty Act of 1996, amending 28 U.S.C. § 2254(d), precluded the relief Canales sought. The court concluded that the United States Supreme Court had not "clearly established" that a rule of presumed prejudice applies to state prisoners. *See Canales I,* 949 F.Supp. at 765–66.

On January 8, 1997, Canales filed a petition for certificate of appealability, which the district court granted in part on January 13, 1997. The COA was granted solely on the issue whether the rule of presumed prejudice adopted by the Ninth Circuit in *Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992) is "clearly established federal law as determined by the Supreme Court of the United States" for purposes of 28 U.S.C. § 2254(d).[1] That is the question we now decide, but we must go further and determine whether Canales may benefit from the rule.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253.

■ We review the determination of what is "clearly established Federal law, as determined by the Supreme Court of the United

---

1. To obtain relief under section 2254(d), the petitioner's claim must have been "adjudicated on the merits in State court proceedings." Here, the state court's denial of Canales' attempt to file a belated notice of appeal stated that he had "failed to justify the 18-month delay in seeking leave to file a belated notice of appeal." In essence, that means that Canales failed to show that it was counsel's performance that deprived him of his appeal. We view that conclusion as a judgment on the merits of his claim that counsel's error harmed him and on the merits of his purported reasons for the delay.

States," under 28 U.S.C. § 2254(d)(1), as a question of law which we must decide de novo. *See Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995).

## DISCUSSION

 There is much force in Canales' argument that the Supreme Court's decisions in *Strickland v. Washington,* 466 U.S. 668, 691–94, 104 S.Ct. 2052, 2066–68, 80 L.Ed.2d 674 (1984), and *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969), together dictate that prejudice will be presumed when trial counsel fails to file a notice of appeal.[2]

In *Strickland,* the Court stated that, although in the usual case a defendant must establish both that counsel's performance was deficient and that he was prejudiced by that deficiency, "[i]n certain Sixth Amendment contexts, prejudice is presumed." *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067.

In *Rodriquez,* the Court held that, where counsel's failure to appeal within the allotted time precluded the appeal, a habeas petitioner seeking relief on grounds of ineffective assistance of counsel need not specify the points he would raise if his right to appeal were reinstated. *See* 395 U.S. at 328–30, 89 S.Ct. at 1716–17. Rodriquez involved a federal prisoner whose trial counsel failed to file a notice of appeal within the time allotted by then Federal Rule of Criminal Procedure 37(a) (now Federal Rule of Appellate Procedure 4(b)). *See id.* at 328, 89 S.Ct. at 1716. Rodriquez attempted to file a notice of appeal himself, but the trial judge ruled that the expiration of the appeal period deprived

the court of jurisdiction. *See id.* He then sought relief pursuant to 28 U.S.C. § 2255, but was turned back because he had not disclosed what he "would raise on appeal" and had not demonstrated prejudice. *Id.* at 329, 89 S.Ct. at 1716–17. The Court reasoned that:

> Those whose education has been limited and those, like petitioner, who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one.

*Id.* at 330, 89 S.Ct. at 1717. It concluded that Rodriquez need not "specify the points he would raise were his right to appeal reinstated." *Id.*

*Strickland* and *Rodriquez* together dictate that at the federal level a defendant is relieved of the obligation to specify the issues to be raised on appeal where counsel's failure to file a notice of appeal deprives the defendant of his right to appeal. In that sense, although *Rodriquez* does not say it in so many words, the defendant is not required to prove that he was prejudiced by counsel's inadequate performance. That does not, of course, speak directly to state court proceedings.[3]

It appears that every federal court of appeals to address the issue has applied some form of a rule of presumed prejudice where counsel fails to file a notice of appeal.[4] Some

---

2. The *Strickland* standard is "clearly established" for purposes of section 2254(d). *See Baylor v. Estelle,* 94 F.3d 1321, 1325 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1329, 137 L.Ed.2d 489 (1997).

3. In *Lozada v. Deeds,* 498 U.S. 430, 431–32, 111 S.Ct. 860, 861–62, 112 L.Ed.2d 956 (1991), the Supreme Court held that the defendant's claim of ineffective assistance of counsel (based on trial counsel's failure to advise him of his right to appeal and failure to file a notice of appeal) met the standard for issuance of a certificate of probable cause. *See id.* And the Court's statement that possibly "the alleged denial of the right to appeal could be resolved" using a "presumed prejudice" standard cannot be ignored. *Id.*

Moreover, the Supreme Court's allusions in *Penson v. Ohio,* 488 U.S. 75, 85–88, 109 S.Ct. 346, 352–54, 102 L.Ed.2d 300 (1988) to the right to counsel on direct appeal should not be entirely overlooked.

4. The district court concluded that the circuits were split on the issue. However, of the cases it cited as evidence of a circuit split-i.e. cases that required a showing of prejudice-two have been overruled. *See Van Russell v. United States,* 976 F.2d 323, 327 (7th Cir.1992), *overruled by Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994); *United States v. Popoola,* 881 F.2d 811, 813 (9th Cir.1989), *overruled by Lozada,* 964 F.2d at 957. The third, *Katz v. United States,* 920

of those cases have dealt with prisoners in federal custody, *see Morales v. United States,* 143 F.3d 94, 96–97 (2d Cir.1998); *Castellanos,* 26 F.3d at 718–19; *United States v. Peak,* 992 F.2d 39, 41–42 (4th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 18, 22 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Estes v. United States,* 883 F.2d 645, 648–49 (8th Cir. 1989), and some have dealt with prisoners in state custody, *see Fern v. Gramley,* 99 F.3d 255, 256–60 (7th Cir.1996); *Romero v. Tansy,* 46 F.3d 1024, 1030–31 (10th Cir.1995). *Lozada,* 964 F.2d at 958; *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988).

■ In addition, we have applied the presumed prejudice rule to counsel's untimely filing of a notice of appeal. *See United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *see also United States v. Stearns,* 68 F.3d 328, 329–30 (9th Cir.1995); *but cf. United States v. Nagib,* 44 F.3d 619, 620–22 (7th Cir.1995) (declining to decide whether presumed prejudice rule applies to untimely appeal). We have said that there is no real difference between failing to file a notice of appeal and filing one late because "[t]he legal effect is the same. The *Lozada* analysis applies." *Horodner,* 993 F.2d at 195. Thus, a presumption of prejudice can apply to the untimely filing of a notice of appeal, *in some situations.*

In sum, we are unable to adopt or approve of the district court's reasoning. *See Canales I,* 949 F.Supp. at 764–67. However, we need not now decide whether there *is* a clearly established rule of presumed prejudice that applies to some § 2254 cases because we agree that no clearly established Supreme Court rule applies to the facts of this case.

This case does not involve a question about what issues Canales could have raised on appeal. It involves the relationship between his counsel's failure to file the notice and the ultimate loss of his appeal rights. His case demonstrates that, at least as to the untimely filing of a notice of appeal in a state that affords the defendant an avenue of relief, it would be too simplistic to state baldly that a

"case-by-case inquiry into prejudice is not worth the cost." *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. Nor can we say that the loss of Canales' appeal rights was entirely without his consent. *Cf. Horodner,* 993 F.2d at 195.

California provides an avenue of relief for a defendant whose counsel has filed a late notice of appeal. It has, time and time again, declared that the loss of appeal rights can easily be remedied where counsel has erred. *See, e.g., In re Benoit,* 10 Cal.3d 72, 85–89, 109 Cal.Rptr. 785, 793–96, 514 P.2d 97, 105–08 (1973); *People v. Sanchez,* 1 Cal.3d 496, 500–01, 82 Cal.Rptr. 634, 636–37, 462 P.2d 386, 388–89 (1969); *People v. Tucker,* 61 Cal.2d 828, 831–32, 40 Cal.Rptr. 609, 611–12, 395 P.2d 449, 451–52 (1964). The defendant need only act in a timely fashion. *See, e.g., In re Clark,* 5 Cal.4th 750, 764–65, 21 Cal. Rptr.2d 509, 518, 855 P.2d 729 (1993). Here the state trial court notified Canales of the untimeliness of his appeal and directed him toward a potential avenue of relief, but he, as the state courts determined, failed to follow that direction. Ultimately, it cannot be said that inadequate performance by counsel denied him the right to an appeal.

To put it yet another way, even if a claim of ineffective assistance of counsel does not require any showing of probable success on issues that could be raised on appeal, that is not the end of the analysis. The question is really whether counsel's failure to timely file is what deprived Canales of his appeal in the courts of California. We made a similar point in *Katz,* 920 F.2d at 612–13. There counsel had failed to perfect the appeal, but Katz had fled the jurisdiction. *Id.* at 611. When he was recaptured, he sought to revive the appeal and asserted that counsel was ineffective. We said:

> We conclude that *Katz* did not make the showings *Strickland* requires. Even if we assume the failure to perfect an appeal is an act outside the range of reasonably competent counsel, *Katz* has failed to show prejudice. If Katz's attorney had perfected his 1971 appeal, as pointed out earlier,

F.2d 610, 611–14 (9th Cir.1990), did not presume prejudice, because it found that the defendant

had forfeited his right to appeal by becoming a fugitive.

the appeal would have been dismissed on the ground of the *Molinaro* disentitlement doctrine. Thus, *Katz* can show no prejudice.

*Id.* at 613 (footnote omitted). So it is with Canales.

Again, California provides a method for filing a belated notice of appeal. A defendant must, however, satisfactorily explain his delay in filing the request. Here Canales was told within a few days of counsel's presumed timing error that his notice of appeal had been filed too late, but that he could seek relief from the California Court of Appeal. Five months later he was told again and was even given the address of the Court of Appeal. Yet he did nothing until eighteen months after the first notice. Thus, his appeal rights were lost. In other words, his lack of a California appeal process was based on his failure to satisfactorily explain his delay in asking for it, and not on the nature of the issues he would have raised on appeal.

No Supreme Court or other federal case has held that, despite an available delayed appeal procedure like that in California, the Constitution requires that a defendant be given a right to proceed with an appeal as long after counsel's error as he wishes. Certainly, clearly established Supreme Court law does not do so. Thus, Canales is not entitled to relief under the revised habeas corpus statute. *See* 28 U.S.C. § 2254(d).

## CONCLUSION

Canales asks us to determine whether in § 2254 cases the rule which relieves defendants of the duty to outline or demonstrate the merits of issues they would raise on appeal after counsel has failed to file a timely notice of appeal is "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). That excursion into presumed prejudice territory would also take us into a discussion of what *can* count as clearly established law and would require exploration of the penumbra of that concept.

However, we need not, and do not, undertake that excursion because, regardless of the nature of the presumed prejudice rule as it relates to issue delineation, it simply does not reach this case. This case has nothing to do with an inquiry into the merits of an appeal Canales would now like to bring. It has to do with his own failure to pursue his appeal rights after his counsel presumably erred, but after he was informed of the problem and its remedy.

In short, the presumed prejudice apotropaion has nothing to do with this case. Canales' appeal has been irretrievably lost in California because of his own failures. Those failures cost him his direct appeal. There is no "clearly established" Supreme Court rule, or even a Court of Appeals rule, that protects him in this circumstance. Whatever might be the outer reach of the "clearly established" standard, *no* currently existing rule would allow Canales to benefit from any presumed prejudice resulting from his counsel's error. Rather, Canales' own subsequent conduct caused the demise of his appeal rights.

AFFIRMED.

RYMER, Circuit Judge, concurs in the judgment.