NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50297 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00579-SVW-4 |
| v. | |
| TAMARA DADYAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 13, 2024
Pasadena, California

Before:  GILMAN,[**] GOULD, and MENDOZA, Circuit Judges.

Tamara Dadyan pleaded guilty to three offenses stemming from her

involvement in a conspiracy to fraudulently obtain and launder millions of dollars

of federal emergency-loan assistance during the COVID-19 pandemic.  Just before

she was scheduled to begin her 130-month term of imprisonment, Dadyan fled to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Montenegro using falsified travel documents. She was eventually located by the FBI and extradited back to the United States. Dadyan now challenges the district court's denial of her motion to withdraw her guilty plea and the length of her sentence. We DISMISS Dadyan's appeal under the fugitive-disentitlement doctrine.

1.     The contemporaneous opinion published in *United States v. Terabelian* (No. 21-50291), applies the fugitive-disentitlement doctrine to dismiss the appeal of one of Dadyan's coconspirators. We apply that same reasoning here and DISMISS Dadyan's appeal.

Despite doing so, we recognize that "the disentitlement doctrine may well bar otherwise meritorious claims." *See Katz v. United States*, 920 F.2d 610, 613 (9th Cir. 1990). Such is not the situation in the present case for the reasons set forth below.

2.     Dadyan's plea agreement contained a waiver that encompassed her right to appeal the district court's denial of her motion to withdraw her guilty plea. The district court properly advised Dadyan regarding the effects of the plea agreement and waiver pursuant to Rule 11 of the Federal Rules of Criminal Procedure. It also determined that her lawyer's testimony that he was adequately prepared for trial was credible. The record further shows that her lawyer encouraged, but did not coerce, Dadyan to accept a plea deal, and that Dadyan

2

frequently expressed her desire to avoid trial.

Dadyan's lawyer was under indictment for his involvement in an unrelated drug conspiracy. The district court conducted a hearing to examine any potential conflict arising from the lawyer's indictment, and it determined that Dadyan knowingly and voluntarily waived any such conflict.

For all of the above reasons, we would have enforced the terms of Dadyan's plea agreement had we not dismissed this appeal on the basis of the fugitive-disentitlement doctrine.

3.     The district court correctly calculated Dadyan's Guidelines range by applying a 16-level enhancement for the loss amount. *See* U.S.S.G. § 2B1.1(b). This calculation was done in consideration of the loss inflicted by the overall conspiracy—a loss that was reasonably foreseeable to Dadyan. *See United States v. Treadwell*, 593 F.3d 990, 1002 (9th Cir. 2010) ("[A] district court may not automatically hold an individual defendant responsible for losses attributable to the entire conspiracy, but rather must identify the loss that fell within the scope of the defendant's agreement with his co-conspirators and was reasonably foreseeable to the defendant.").

Nor did the district court abuse its discretion by failing to reduce Dadyan's sentence for acceptance of responsibility because Dadyan continued to minimize her role in the conspiracy. Furthermore, although Dadyan's sentence exceeded the

3

top of the Sentencing Guidelines' recommended range by nine months, the sentence was substantively reasonable because the record shows that the court fully considered all of the relevant 18 U.S.C. § 3553(a) factors.

We therefore would have affirmed the judgment of the district court had we not dismissed her appeal under the fugitive-disentitlement doctrine.

**DISMISSED.**