**Michael HUTCHINSON,**
**Petitioner–Appellee,**

v.

**Jim HAMLET, Warden, Respondent–Appellant.**

**No. 06–16452.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2007.

Filed July 3, 2007.

Lawrence A. Gibbs, Esq., Law Office of Lawrence A. Gibbs, Berkeley, CA, Clifford Gardner, Esq., Law Offices of Cliff Gardner, Oakland, CA, for Petitioner–Appellee.

Edward Fernandez, Esq., Office of the County Counsel, San Jose, CA, Bruce Ortega, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellant.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Respondent Warden Jim Hamlet (the "State") appeals the district court's grant of Michael Hutchinson's petition for writ of habeas corpus. The district court found that Hutchinson suffered from ineffective assistance of counsel in his state court robbery trial and was prejudiced thereby, and held that the state court's conclusion to the contrary was an unreasonable application of clearly established federal law, as enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The State concedes that trial counsel's performance was deficient. The State contends, however, that Hutchinson's claim is unexhausted due to his presentation of expert testimony in federal court that was not presented in state court, and that Hutchinson was not prejudiced from counsel's failure to present such testimony at trial. Hutchinson argues, and we agree, that the expert testimony did not fundamentally alter his claim and, therefore, did not render it unexhausted, and that the district court properly concluded that he was prejudiced from trial counsel's failure to present such testimony. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

## I. Background

The expert testimony at issue in this case was first presented in the federal habeas proceeding by Gregg Stutchman, an expert in photogrammetry, which is "the art, science and technology of obtaining reliable information about objects and their environment from a process of recording, measuring and interpreting photographic images." No expert testimony had been presented in state court, despite Hutchinson's repeated attempts to obtain

funds for this purpose in state court, supported by the testimony of his state appellate counsel detailing his own investigation and calculations about the suspect's height, and proffering what expert testimony would conclude.

Stutchman analyzed multiple still photographs created from the crime-scene videotape of the robbery for which Hutchinson was convicted and concluded that the suspect was too short to have been Hutchinson. The district court found Stutchman's testimony to be credible and characterized it as "very persuasive" for assessing "the expert testimony available at the time of Petitioner's trial to establish that the suspect depicted in the photographs derived from the videotape was significantly shorter than Petitioner."

The State presented no expert or other evidence to controvert Stutchman's expert interpretation of the crime-scene videotape. In addition, the district court found that Hutchinson's state trial counsel was "not a credible witness," was "not forthright," and had a selective memory; that his testimony "appeared biased;" that "neither his recollection nor his credibility can be credited here;" and that his "tone and demeanor during questioning by Petitioner's counsel appeared defensive, argumentative, and hostile."[1] The district court concluded that Hutchinson's trial counsel's failure to investigate and present expert testimony about the height of the perpetrator undermined confidence in the verdict and necessitated the grant of habeas relief. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

## II. Standard of Review

Because Hutchinson filed his petition for writ of habeas corpus on April 23, 2002, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *Slack v. McDaniel,* 529 U.S. 473, 481, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, first, Hutchinson must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied once the claim has been "fairly presented to the state courts." *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). "While federal-state comity concerns preclude our consideration of new evidence that places [a] claim in a significantly different posture on habeas review, we have previously considered additional evidence that does not alter the gravamen of the petitioner's claim." *Luna v. Cambra,* 306 F.3d 954, 965 (9th Cir.2002) (internal quotation marks omitted).

Second, Hutchinson is entitled to habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "The *Strickland* standard is 'clearly established' for purposes of section 2254(d)." *Canales v. Roe,* 151 F.3d 1226, 1229 n. 2 (9th Cir.1998); *see also Delgado v. Lewis,* 223 F.3d 976, 980 (9th Cir.2000) (same). Under this prong of the AEDPA test, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Generally, we review *de novo* the district court's order granting or denying a petition for writ of habeas corpus and review the district court's findings of fact under

---

1. The State does not challenge this credibility finding on appeal.

the clearly erroneous standard. *Reynoso v. Giurbino,* 462 F.3d 1099, 1108–09 (9th Cir.2006); *Lopez v. Thompson,* 202 F.3d 1110, 1116 (9th Cir.2000) (en banc). When the state courts reject a habeas corpus petition without offering any explanation of their reasoning, as occurred here, "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." *Delgado,* 223 F.3d at 982. Where the district court held an evidentiary hearing, we factor the evidence adduced in the evidentiary hearing into our "independent review of the record." *See Lambert v. Blodgett,* 393 F.3d 943, 979–84 (9th Cir.2004); *Luna,* 306 F.3d at 960–67.

## III. Analysis

### A. *Exhaustion*

■ We conclude that the district court did not err in finding that Hutchinson exhausted his ineffective assistance of counsel claim in state court because the presentation of the expert testimony to the district court did not "fundamentally alter" Hutchinson's claim. *See Vasquez v. Hillery,* 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). Instead, the evidence only strengthened the evidentiary foundation in a manner Hutchinson had pursued energetically throughout his state court proceedings. In pressing the arguments in the state courts that his trial counsel was ineffective and that he was too tall to have been the perpetrator of the robbery for which he was convicted, Hutchinson made repeated requests for funds to develop expert testimony, and bolstered those requests with the testimony of his state appellate counsel, which recounted the outcome of his investigation and described what expert testimony on the subject of height would show.

Hutchinson's case is thus easily distinguishable from *Aiken v. Spalding,* 841 F.2d 881 (9th Cir.1988), and *Nevius v. Sumner,* 852 F.2d 463 (9th Cir.1988), upon which the State relies. In *Aiken,* the new expert evidence Aiken presented in federal court was presented many years after Aiken had pursued state-court relief and without Aiken having pursued any habeas corpus relief in the state courts or even having mentioned such evidence to the state courts. In addition, this evidence consisted of scientific analysis that had been conducted on equipment that was not available at the time of the state court proceedings. 841 F.2d at 881–84. Here, in contrast, Hutchinson repeatedly sought state funds to secure expert testimony, reiterated his desire for a hearing, brought a prompt state habeas petition alleging the same facts that the expert testimony later reinforced, and relied on evidence that had been available at the time of his original trial.

In *Nevius,* the court rejected a suggestion, which was not included in the record in any event, to rely on evidence which similarly had never been mentioned to the state courts and which had not been pursued there. 852 F.2d at 470. In contrast to *Nevius,* Hutchinson clearly attempted to develop and present expert testimony in state court and supported his petition with specific testimony about counsel's investigation and what insight an expert would provide. Supplementation with expert evidence does not render a claim unexhausted, especially when a petitioner attempts to adduce such evidence in state court. *See, e.g., Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir.1999). Accordingly, the exhaustion requirement was satisfied. *Hillery,* 474 U.S. at 255–60, 106 S.Ct. 617; *see, e.g., Weaver,* 197 F.3d at 364–65; *Chacon v. Wood,* 36 F.3d 1459, 1461–63, 1467–69 (9th Cir.1994).

### B. *Prejudice*

■ The district court properly concluded that the California appellate courts un-

reasonably applied *Strickland* in not finding ineffective assistance of counsel and prejudice in Hutchinson's case. *See* 28 U.S.C. § 2254(d). As a preliminary matter, it is notable that the case against Hutchinson was not corroborated by any physical or other forensic evidence, confessions, or admissions, and the district court reasonably concluded that the case against Hutchinson was relatively weak. The district court found the defense expert's testimony credible and very persuasive, and we defer to this assessment. Significantly, the State failed to produce any evidence to counter Stutchman's expert conclusions. The State's speculation that the expert's assessment was inaccurate cannot defeat these facts. *See Killian v. Poole,* 282 F.3d 1204, 1207–08 (9th Cir.2002); *Weaver,* 197 F.3d at 363.

If trial counsel had presented a height defense supported by expert testimony, moreover, the defense would have corroborated Hutchinson's otherwise uncorroborated testimony and would have seriously undermined the testimony of the witnesses against him, namely the single eyewitness, who was impeached on the basis of inconsistencies in her account of events and who had been fired for shortages in her cash register, and the two non-eyewitness witnesses, whose testimony was directly controverted by the expert's conclusion. *See Luna,* 306 F.3d at 961, 966; *Avila v. Galaza,* 297 F.3d 911, 923–24 (9th Cir.2002). As Hutchinson notes, courts regularly hold that the failure to introduce evidence that credibly undercuts the state's theory that the defendant is the perpetrator is prejudicial, even in the face of eyewitness identifications. *See, e.g., Alcala v. Woodford,* 334 F.3d 862, 872 (9th Cir.2003); *Hart v. Gomez,* 174 F.3d 1067, 1073 (9th Cir.1999). Counsel's failure to present evidence undermining the State's case has also been found to be prejudicial even when that case is supported by a confession from the defendant. *See, e.g., Baylor v. Estelle,* 94 F.3d 1321, 1325 (9th Cir.1996). Accordingly, the district court did not err, much less clearly err, in finding that Hutchinson was prejudiced by his trial counsel's deficient performance in failing to present expert testimony, and Hutchinson is entitled to habeas relief. *See also Johnson v. Baldwin,* 114 F.3d 835, 838 (9th Cir.1997) (finding prejudice in the face of a state case that was "extremely weak" because no physical evidence corroborated the eyewitness victim's identification).

## IV. Conclusion

For the reasons set forth herein, the judgment of the district court is

**AFFIRMED.**