Steven J. BASURTO, Petitioner–Appellee,

v.

Frank LUNA, Respondent–Appellant.

No. 08–35277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2008.

Filed Aug. 18, 2008.

---

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**42**

Averïl Lerman, Federal Public Defender's Office, Anchorage, AK, for Petitioner–Appellee.

Diane L. Wendlandt, Esquire, Office of The Alaska Attorney General, Anchorage, AK, for Respondent–Appellant.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we write only for the parties, we assume familiarity with the facts and relate them only as needed to explain our decision.

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM *

The State of Alaska, through its representative, Frank Luna, appeals the District Court's grant of Appellee Steven Basurto's petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and reverse.

A jury in Alaska Superior Court found Basurto guilty of two counts of sexual assault in the first degree, kidnapping, and assault in the third degree.[1] The court sentenced Basurto to a composite sentence of fifty-five and one-half years' imprisonment. During the trial, the prosecution presented evidence of prior sexual assaults committed by Basurto against several other women. On direct appeal, the state appellate court held that the trial court's decision not to instruct the jury on the proper use of prior bad acts evidence was error under state law, but that the error did not amount to constitutional error.[2] Basurto subsequently sought federal habeas relief pursuant to 28 U.S.C. § 2254, which the District Court granted. The State timely appeals.

We review the District Court's decision to grant habeas relief de novo. *Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). Basurto's habeas petition is governed by the Anti–Terrorism and Effective Death

2. The Superior Court never definitively stated the purposes for which the evidence was admitted.

Penalty Act of 1996 ("AEDPA"). Under the AEDPA, habeas relief is available only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The existence of "clearly established Federal law" is a question of law, which we review de novo. *Canales v. Roe*, 151 F.3d 1226, 1228–29 (9th Cir.1998). In order for us to conclude that the state court unreasonably applied clearly established Federal law, the application must be " 'objectively unreasonable.' " *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

The Supreme Court has never held that the admission of prior bad acts evidence to prove propensity is unconstitutional. *See Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Mejia v. Garcia*, 534 F.3d 1036, 1045–46 (9th Cir.2008). Conceding this issue, Basurto argued, and the District Court agreed, that when a trial court admits prior bad acts evidence, the trial court must give a limiting instruction, and the failure to do so violates due process. We can find no clearly established Federal law, *i.e.*, a Supreme Court holding, in support of this proposition. In *Estelle*, the Court noted that, *in that case*, a limiting instruction prevented the jury from using prior bad acts evidence for an improper purpose. 502 U.S. at 75, 112 S.Ct. 475. The Court in no wise held that a limiting instruction is *always* necessary to protect a defendant's due process rights.

Indeed, clearly established Federal law provides a standard for determining whether the failure to give a jury instruction violated due process. The reviewing court must determine " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). This standard also applies to omitted instructions. *Id.* at 155, 97 S.Ct. 1730; *Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir.2001).

The state appellate court found that the prior acts evidence "did not appreciably affect the jury's decision." We will defer to that court's conclusion that the instructional error did not infect the entire trial because the court reasonably applied clearly established Federal law. The court noted that the prior bad acts evidence was properly admitted and could be considered by the jury in evaluating Basurto's intent. The prosecution, in closing argument, told the jury that the prior bad acts evidence was admitted to prove Basurto's intent. Moreover, the jury was properly instructed on the elements of the crimes for which Basurto was charged and instructed to find each element beyond a reasonable doubt. Particularly given that "an omission ... is less likely to be prejudicial than a misstatement of the law," *Henderson*, 431 U.S. at 155, 97 S.Ct. 1730, we cannot conclude that the state appellate court unreasonably applied clearly established Federal law when it concluded that the failure to give a limiting instruction did not violate Basurto's due process rights.

The judgment of the district court is reversed and the case is remanded with directions to enter judgment denying the writ.

**REVERSED and REMANDED.**